**Tee Ann WILSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17895.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 18, 1963.

Decided Oct. 3, 1963.

Petition for Rehearing En Banc Denied Feb. 13, 1964.

Bazelon, Chief Judge, and Wright, Circuit Judge, dissented from denial of rehearing en banc.

Fahy, Circuit Judge, voted to grant the petition for rehearing *en banc*.

narcotics laws, 26 U.S.C. § 4705(a), 26 U.S.C. § 4704(a), and 21 U.S.C. § 174. The Government's case rests upon a direct sale of ten capsules of heroin to a Treasury Department agent for $15. No informer was involved.

The defendant claims the conviction should not stand because of lack of corroboration. The record shows, however, that after the alleged purchase the agent field-tested the capsules and locked them in an overnight safe. The following day they were taken from the safe and given to a narcotics agent who, in turn, turned them over to the chemist, who retained them in his possession until he produced them at the trial. There is no claim of lack of continuity in identifying the capsules as the very contraband which was sold.

There is further corroborating evidence in the fact that the defendant had been in the cafe at certain times where the contraband was allegedly sold, although she denies ever having sold narcotics to the agent or any one else at the time the alleged sale took place or at any other time.

We have heretofore held on several occasions that the uncorroborated testimony of a narcotics agent is sufficient to support conviction for violation of the narcotics laws. See, *e. g.*, Morgan v. United States, 115 U.S.App.D.C. 310, 319 F.2d 711 (1963). It is also well settled that the verdict of the jury must be sustained if there is substantial evidence, taking the view most favorable to the Government. Accordingly, it follows that the judgment of conviction must be sustained.

We note that the trial court imposed a ten-year sentence on Count 1 of the indictment, three to ten years on Count 2, and ten years on Count 3, the sentences to run concurrently.

It is claimed before us that the defendant is a person of good reputation, that she has never been in trouble before, and that she is the mother of three minor children who are dependent upon her for support.

Mrs. Jean F. Dwyer, Washington, D. C. (appointed by this court) for appellant.

Mr. Robert D. Devlin, Asst. U. S. Atty, with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Victor Caputy, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

The defendant [appellant] appeals her conviction for violation of the

■■ We recognize, of course, that the imposition of sentence is in the sound discretion of the District Judge. The sentence seems to us extremely harsh, but circumstances not disclosed by the record may justify it. We think the District Court should seriously consider exercising its power under Fed.R.Crim.P. 35 to reduce the sentences imposed. Cf. Husty v. United States, 282 U.S. 694, 703, 51 S.Ct. 240, 75 L.Ed. 629 (1931); United States v. Daugherty, 269 U.S. 360, 364, 46 S.Ct. 156, 70 L.Ed. 309 (1926); Scarbeck v. United States, 115 U.S.App. D.C. 135, 317 F.2d 546, 569 (1962).

Affirmed.

## On Petition for Rehearing En Banc

Before BAZELON, Chief Judge, and WILBUR K. MILLER, FAHY, WASHINGTON, DANAHER, BASTIAN, BURGER, WRIGHT, and McGOWAN, Circuit Judges, en banc, in Chambers.

## ORDER

PER CURIAM.

On consideration of appellant's petition for rehearing *en banc*, it is

ORDERED by the court *en banc* that appellant's petition is hereby denied.

BAZELON, Chief Judge, with whom WRIGHT, Circuit Judge, concurs, dissenting: According to the opinion issued in this case on October 3, 1963, a conviction for selling narcotics may rest on the uncorroborated testimony of a narcotics agent. In so holding, the opinion does not consider the fact that the Government chose to delay the arrest for six months so that the defendant was not brought to trial until nine months after commission of the alleged offense. I think this raises serious problems affecting the administration of the criminal law. I therefore vote to grant the instant petition for rehearing *en banc*.

1. This evidence, according to the opinion in this case, is corroborative. But since the opinion states that no corroboration is required, we are not advised

The sale charged in this case took place on October 1, 1961; the arrest warrant, dated January 11, 1962, was not executed until March 29, 1962. At trial on July 3, 1962, Agent Scott testified that the sale took place in the Singapore Cafe, where appellant, an addict, was in the company of an unidentified man. Appellant testified that she frequented the Singapore,[1] but had never seen Agent Scott there (although she had met him elsewhere previously), had never sold narcotics to him or anyone else, and could not recall where she was on the night of October 1, 1961.

Because of the likelihood of false accusations and the difficulty of making an adequate defense on sex charges, courts have refused to allow convictions based on the uncorroborated testimony of, *e. g.*, the complaining witness in a rape case, Kidwell v. United States, 38 App.D.C. 566 (1912), or a police officer on vice duty in a case charging an invitation to commit a lewd and immoral (homosexual) act. Kelly v. United States, 90 U.S. App.D.C. 125, 194 F.2d 150 (1952). In *Kelly* we avoided rigid quantitative requirements of proof, but reversed the conviction because the possibility of abuse demanded some corroboration of the vice squad officer's testimony.

The pattern of law enforcement now pursued by the narcotics squad is not unlike that of the vice squad as described in *Kelly*. In both the officer sheds his identity and mingles with prospective violators for a time, seeking evidence on as many violators as possible in that time. Consequently both patterns present a high incidence of entrapment problems. In *Kelly* we said "the interest of the officer in making arrests for this offense, shown by his making six such arrests on this one evening in this one place." The frequency with which narcotics officers reappear to testify in different cases shows the same factor operates here.[2]

whether this evidence would have been sufficient if corroboration were required.

2. In Ross v. United States, No. 17877 (see Order remanding to the District

Furthermore, just as sex charges are difficult to defend against, so too is a charge of selling narcotics. The defendant is typically an addict who is prejudiced by a cloud of "common knowledge" that many addicts sell to others in order to support their own habit.

These factors alone raise serious questions which have been noticed before. See Nickens v. United States, 116 U.S. App.D.C. 338, 342, 323 F.2d 808, 812 (1963) (concurring opinion of Judge Wright); see Trent v. United States, 109 U.S.App.D.C. 152, 156, 284 F.2d 286, 290 (1960) (dissenting opinion of Judge Bazelon), cert. denied, 365 U.S. 889, 81 S.Ct. 1035, 6 L.Ed.2d 199 (1961), rehearing denied, 366 U.S. 978, 81 S.Ct. 1928, 6 L.Ed.2d 1268 (1961); Hawkins v. United States, 109 U.S.App.D.C. 338, 340, 288 F.2d 122, 124 (1960) (concurring opinion of Judge Bazelon). But they are aggravated in this case, as in many others, by the long delay before the defendant was put on notice of the charge by being arrested. Here the delay was six months. In Nickens v. United States, *supra*, the delay was seven and one-half months. In Ross v. United States, No. 17877, where the delay was seven months, we have remanded to the District Court to conduct a hearing on the "reasonableness vel non of the delay occurring between the alleged offense by appellant and the appellant's arrest therefor, and its effect, if any, on the defense of the case." (Order, Jan. 28, 1964). Other cases which have been and are now before this court seem to show that such a delay is the prevailing pattern in narcotics cases.[3]

An obvious danger is that the memory of the narcotics agent, who has dealt with many addicts and sellers in his period of undercover work, will be blurred.[4]

The more serious danger has been cogently stated by Judge Wright:

"Indeed, a suspect may be at a special disadvantage when complaint or indictment, or arrest, is purposefully delayed. With no knowledge that criminal charges are to be brought against him, an innocent man has no reason to fix in his memory the happenings on the day of the alleged crime. Memory grows dim with the passage of time. Witnesses disappear. With each day, the accused becomes less able to make out his defense. If, during the delay, the Government's case is already in its hands, the balance of advantage shifts more in favor of the Government the more the Government lags." [Nickens v. United States, supra, 116 U.S.App.D.C. at 343, 323 F.2d at 813 (concurring opinion).]

In the present case, appellant testified she was unable to recall where she was on the night in question. Had she been arrested with reasonable promptness, she might have been able to show she was elsewhere. Or she might have produced the man Agent Scott said was with her in the Singapore, to support her testimony that she had never seen Agent Scott there, or to testify that he did not see any such transaction as Agent Scott described.

At the very least, the Government should be required in each case to justify its delay. Beyond that, assuming that this method of law enforcement is to be allowed, we should recognize the onerous burden it puts on the defendant. We should then consider whether additional proof from the Government is required in order to dispel obvious misgivings

---

Court for further proceedings, Jan. 28, 1964), a narcotics officer testified he had been undercover for nine months, during which time he made purchases from 51 different people. He testified he could not recall the details of the transactions without looking at his notes.

3. See, *e. g.*, Vincent Wilson v. United States, Misc. 2173, Crim. No. 30–63 (D. D.C. July 15, 1963); Deans v. United States, Misc. 2206, Crim. No. 479–63 (D.D.C. July 15, 1963); Holland v. United States, Crim. No. 624–63 (D.D.C. Dec. 27, 1963).

4. See note 2, *supra.*

about convicting a defendant whose ability to defend himself has been substantially impaired.

Circuit Judge FAHY votes to grant the petition for rehearing *en banc*.