Roland B. REDFIELD, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17818.

United States Court of Appeals
District of Columbia Circuit

Argued Nov. 21, 1963.

Decided Jan. 30, 1964.

Petitions for Rehearing before the Division and for Rehearing En Banc Denied March 20, 1964.

Mr. Robert N. Duggan, Washington, D. C. (appointed by this court), with whom Mr. Raymond M. Zimmet, Washington, D. C., was on the brief, for appellant.

Mr. Gerald A. Messerman, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Frederick G. Smithson, Asst. U. S. Attys., were on the brief for appellee. Mr. Robert D. Devlin, Asst. U. S. Atty., also entered an appearance for appellee.

Before FAHY, WASHINGTON and BURGER, Circuit Judges.

PER CURIAM:

Appellant was convicted on ten counts contained in one indictment charging violations of the Federal Narcotic Laws.[1] The transactions covered by the indictment allegedly occurred on November 4, 11 and 23, 1961, January 25, and April 26, 1962, on which last date appellant was arrested. A complaint covering the transactions attributed to the earlier dates had been issued April 24, 1962.

■ Appellant denied the transactions alleged to have occurred in November 1961 and January 1962. As to these he nevertheless requested an instruction on entrapment in the event the jury should find that, contrary to his testimony, the transactions did occur. Hansford v. United States, 112 U.S.App.D.C. 359, 303 F.2d 219 (1962). The instruction was refused. We find no error in the refusal. The Government's testimony that appellant participated in the transactions was

accepted by the jury. The defendant's evidence simply failed to establish the defense of entrapment, not even raising a possible jury question regarding it.

■ Error is also asserted in the instructions to the jury concerning count ten of the indictment. Since the sentence under this count was concurrent with that under counts the conviction of which is free of error, any inadequacy in these instructions would furnish no ground for reversal. Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943).

■ On the issue of insanity, asserted as a defense by appellant, it is true that the court at one point mistakenly stated to the jury that to sustain this defense the jury must find that defendant had a mental disease or defect at the time in question and that such disease or defect caused the acts charged, that is, that they were the product of such disease or defect. But upon consideration of the instructions as a whole we think it clear that on the issue of insanity the jury understood that the burden was not upon appellant and that the Government must prove beyond a reasonable doubt that he had no mental disease or defect, or, if he did, that the acts charged were not the product of such disease or defect. The situation is distinguished from that which led to the reversal in Blocker v. United States, 110 U.S.App.D.C. 41, 43, 288 F.2d 853, 855 (1951), Isaac v. United States, 109 U.S.App.D.C. 34, 36–37, 284 F.2d 168, 170–171 (1960), and Carter v. United States, 102 U.S.App.D.C. 227, 233, 252 F.2d 608, 614 (1957).

■ Appellant had moved to dismiss the indictment because of the delay in the

---

1. Counts one, three, five and seven charged appellant with having transferred marihauna on November 4, 11, and 23, 1961, and January 25, 1962 in violation of 26 U.S.C. § 4742(a). Counts two, four, six and eight charged appellant with having obtained the marihauna transferred on the above four occasions without paying the necessary taxes in violation of 26 U.S.C. § 4744(a). In count nine appellant was charged with having "purchased, sold, dispensed and distributed" on April 26, 1962, heroin hydrochloride not from the original stamped package in violation of 26 U.S.C. § 4704(a). Count ten charged the appellant with having violated 21 U.S.C. § 174 by having facilitated the concealment and sale of the heroin involved in count nine. Appellant was sentenced to twelve years imprisonment on counts one, three, five and seven, three to ten years, on counts two, four, six and eight, three to ten years on count nine and twelve years on count ten, said sentences to run concurrently.

**534**

institution of the prosecution. The complaint, as we have said, was made April 24, 1962, nearly six months after the date of the first offense. It is contended the delay violated Rule 48(b), Fed.R. Crim.P., and also deprived appellant of a speedy trial guaranteed by the Sixth Amendment. We think the denial of the motion by the District Court was not error. We rest this conclusion upon the facts of this case, which show a series of transactions over a considerable period of time, the last of which, prior to the issuance of the complaint and arrest in April 1962, was in January of the same year. See, on the general subject, Nickens v. United States, 116 U.S.App. D.C. 338, 323 F.2d 808 (1963).

Finding no ground for reversal in the matters above referred to, or in other respects, including the instruction as to the testimony of a psychologist, the judgment is

Affirmed.