**Winnie D. EARL, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18821.**

United States Court of Appeals District of Columbia Circuit.

Feb. 23, 1965.

Mr. Patrick C. O'Donoghue, Washington, D. C., was on the pleadings for appellant.

Mr. David C. Acheson, U. S. Atty., and Messrs. Frank Q. Nebeker and Daniel J. McTague, Asst. U. S. Attys., were on the pleadings for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and DANAHER and WRIGHT, Circuit Judges, in Chambers.

## ORDER

PER CURIAM.

On consideration of appellee's motion for leave to file a memorandum, the time having expired, and on further consideration of the joint motion of the parties to vacate the judgment of the District Court and to remand this cause for dismissal of the indictment, it is

ORDERED by the court that appellee's motion for leave to file its memorandum be granted, and the Clerk is directed to file the lodged memorandum of appellee, and upon consideration whereof, it is

FURTHER ORDERED by the court that the aforesaid joint motion is granted. The Clerk is directed to transmit forthwith a certified copy of this order to the Clerk of the District Court.

WRIGHT, Circuit Judge (dissenting):

This case was scheduled for oral argument before this court on December 16, 1964. On November 27, 1964, after appellant's brief was filed, a "Joint Motion to Vacate Judgment and Remand Cause for Dismissal of Indictment" was filed. The motion stated that appellant, as a second offender, had received the statutory minimum sentence of ten years under the federal narcotics laws. The motion stated further: "It is agreed by the parties that the interests of justice would best be served by a disposition of this case in the Court of General Sessions and the dismissal by the District Court of the indictment from which the instant appeal arose."

On December 11, 1964, this court ordered the United States to file a supplement to the joint motion "wherein appellee shall indicate the 'interests of justice' on which the aforesaid joint motion is predicated." On December 23,

1964, the Government lodged the supplement, giving the following explanation for the joint motion to dismiss:

"In the present posture of the case, it is clear that one of the major points to be stressed on appeal by the appellant is the delay of one year between the issuance of the warrant for the appellant's arrest and the execution of that warrant by the arrest itself. The Government does not have any substantial interest in pressing on appeal the propriety of such a delay, both because of the rather ordinary dimensions of the charge of which appellant was convicted (one sale transaction of six capsules) and because a delay of one year is very uncommon and is, in the light of facts subsequently developed at trial and now before the Court, not in conformity with the better administrative practice."

Since the Government has no "substantial interest in pressing on appeal the propriety of" the one-year delay between issuance of the warrant and the arrest [1] "because of the rather ordinary dimensions of the charge," for which a sentence of ten years was imposed, it appears to me that this indictment should now be dismissed on the merits, or the appeal from the conviction should proceed in due course. The Government admits that the delay of one year between issuance of the warrant and its execution is "not in conformity with the better administrative practice," and recent orders [2] in this court have indicated that, in the circumstances of this case, a fourteen-month delay between the offense and the arrest would violate due process. Since the Fifth Amendment applies in the Court of General Sessions as well as in the District Court, the result should be the same there. Consequently, I fail to see any useful purpose to be served in prolonging this litigation by starting it all over again.

---

1. The record shows a delay of fourteen months between the date of the alleged offense and appellant's arrest. The evils resulting from such delays have been pointed out elsewhere. See Nickens v. United States, 116 U.S.App.D.C. 338, 342, 323 F.2d 808, 812 (1963) (concurring opinion), cert. denied, 379 U.S. 905, 85 S.Ct. 198, 13 L.Ed.2d 178 (1964); Wilson v. United States, 118 U.S.App.D.C. 319, 321, 335 F.2d 982, 984 (1964) (opinion of Chief Judge Bazelon on petition for rehearing en banc).

2. In several recent cases involving delays of much less than fourteen months, this court has remanded for consideration of the circumstances surrounding the delay. Ross v. United States, No. 17,877, remanded January 23, 1964 (delay of seven months); Jackson v. United States, No. 18,597, remanded November 3, 1964 (delay of five months); Roy v. United States, No. 18,285, remanded November 10, 1964 (delay of six months); Johnson v. United States, No. 18,207, remanded December 16, 1964 (delay of three months).