David **BATTLE**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Michael F. **DAVIS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Nos. 18752, 18756.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 29, 1965.

Decided March 11, 1965.

Bastian, Circuit Judge, dissented from reversal.

Mr. Edgar H. Martin, Washington, D. C. (appointed by this court), for appellant in No. 18752.

Mr. Hugh A. M. Shafer, Jr., Washington, D. C. (appointed by this court), for appellant in No. 18756.

Mr. Allan M. Palmer, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and William C. Weitzel, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, BASTIAN and WRIGHT, Circuit Judges.

**PER CURIAM:**

Appellants, indicted for robbery, 22 D.C.Code § 2901, and assault with a dangerous weapon, 22 D.C.Code § 502, were convicted of robbery and simple assault. They are under sentences of imprisonment for 4 to 12 years. Appellants filed a motion under Rule 41(e), Fed.R.Crim P. to suppress certain evidence. The motion was not heard prior to trial. When the case was called for trial counsel for appellant Battle asked the court to hold a hearing on his motion before the trial began. The request was denied. The judge stated, "if the evidence is tendered by the prosecution and then at that time I can ask the jury to withdraw and we will hear the matter." The trial went forward. During its course and when it seemed probable the evidence sought to be suppressed would be offered, counsel again sought a hearing on its admissibility and was again rebuffed; the court summarily denied the renewed motion to suppress at this point and admitted the evidence without more.

The United States in its brief now before us states:

"On April 30, 1964, appellants filed a pretrial motion to suppress certain evidence. That motion was scheduled for a hearing before Judge Tamm on May 8, 1964, but was not reached that day. He referred the matter to the trial judge to be heard as a preliminary matter. On the day of trial the court did not follow that course nor did it hold an exclusionary hearing during the progress of the trial. A forum at some point along the way to allow appellants an opportunity to fully explore the circumstances of their arrest was required. Fed.R.Crim.P. 41(e); Peckham v. United States, 93 U.S.App.D.C. 136, 139–140, 210 F.2d 693, 697 (1953).

"Should this Court reject appellants other contentions the case should be remanded, without reversing the conviction, for a hearing on the motion to suppress.[1] This will result in either a new trial or affirmance of the conviction. (Henry) Jackson v. United States, [118 U.S.App.D.C. 341] 336 F.2d 579 (D.C. Cir. 1964). See McLindon v. United States, 117 U.S.App.D.C. 283, 329 F.2d 238 (1964); Greenwell v. United States, 115 U.S.App.D.C. 44, 317 F.2d 108 (1963)."

The cases cited are illustrative of remands in various circumstances for hearings without reversal, the question of setting aside the conviction to depend upon the result of the hearing. Of those cited the *Peckham* case is closest in point. But, unlike the case now before us, in *Peckham* a hearing, albeit an incomplete one, was held and a ruling made prior to trial.

 We think no settled rule has been established that in such a case as this a remand is always to be preferred to a reversal for failure to comply with Rule 41(e). For this court to persist indefinitely in remanding instead of reversing for such error would tend to prevent the rule from operating as intended. *Cf.* Nardone v. United States, 308 U.S. 338, 341–342, 60 S.Ct. 266, 84 L.Ed. 307 (1939); Jones v. United States, 362 U.S. 257, 264, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). The proper sequence is to comply with Rule 41(e) by a hearing before trial as the rule provides. This protects the trial from error and enables the defense at the most appropriate time to obtain a ruling on the usability by the prosecution of important evidence. In this case counsel at each opportunity sought the hearing to which his client was entitled and was unable to obtain it.

 Moreover, the trial discloses two other serious errors: (1) Identification at nighttime of the two men who attacked the complaining witnesses on the street was the principal issue, yet defense counsel was denied the opportunity to cross-examine one of these witnesses respecting her eyesight; (2) the court's instruction to the jury went beyond permissible comment on the evidence. The court stated that "one of the persons charged here succeeded in getting her [one of the complaining witnesses'] pocketbook." The very question to be decided by the jury was whether the person who got the pocketbook was in fact "one of the persons charged here." See Hardy v. United States, 118 U.S.App.D.C. 253, 335 F.2d 288 (1964).

Reversed and remanded.

BASTIAN, Circuit Judge (dissenting):

I see no ground justifying reversal. I would, as suggested by appellee, remand for a hearing on the motion to suppress.

---

1. Appellee had originally suggested an immediate remand of the case for such a hearing. See letter to counsel for appellants filed with the Clerk of this Court on October 8, 1964. Counsel rejected that course then and still do, pressing for reversal on this issue (Br. 28–29). The precedents however, are against them on that score. Peckham v. United States, *supra;* (Henry) Jackson v. United States, *supra.*