Oliver **HENDERSON**, Jr., Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19161.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 9, 1965.

Decided July 3, 1965.

Bazelon, Chief Judge, dissented.

Mr. Robert E. Sher (appointed by this court), Washington, D. C., for appellant.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Victor W. Caputy, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, and BURGER and TAMM, Circuit Judges.

PER CURIAM.

### JUDGMENT

This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was argued by counsel.

Upon consideration of the record, briefs and oral arguments, it is

ORDERED by the court that the record is remanded to the *District Court* to conduct an evidentiary hearing on the issue of probable cause before the Honorable George L. Hart, Jr., jurisdiction being retained in this court.

BAZELON, Chief Judge (dissenting):

The Government concedes that the denial of hearing on appellant's pre-trial motion to suppress 282 capsules of heroin hydrochloride mixture was error. The only question remaining is whether a new trial must be had, or a remand for hearing *nunc pro tunc* will suffice. In a recent case, this court recognized that

> no settled rule has been established that in such a case as this a remand is always to be preferred to a reversal for failure to comply with Rule 41(e). For this court to persist indefinitely in remanding instead of reversing for such error would tend to prevent the rule from operating as intended. Cf. Nardone v. United States, 308 U.S. 338, 341–342 [60 S.Ct. 266, 84 L.Ed. 307] (1939); Jones v. United States, 362 U.S. 257, 264 [80 S.Ct. 725, 4 L. Ed.2d 697] (1960). The proper sequence is to comply with Rule 41 (e) by a hearing before trial as the rule provides. This protects the trial from error and enables the defense at the most appropriate time to obtain a ruling on the usability by the prosecution of important evidence. [Battle v. United States, 120 U.S.App.D.C. ——, 345 F.2d 438, 440, decided March 11, 1965.]

The court reversed, noting that, unlike previous cases, there had not been even an incomplete pre-trial hearing. The same factor is present here.

The failure to afford a pre-trial hearing is the more important, I think, because it was clear that acquittal could realistically be expected only if the narcotic capsules, seized after a warrantless arrest, were suppressed. Had the question of probable cause for the arrest been

resolved before trial, appellant could have pleaded guilty with the probability of swaying the sentencing discretion of the trial judge. In my view, also, the discovery function of these pre-trial hearings is important, although auxiliary, and should be protected by reversal of conviction in cases where, as here, such a hearing is improperly denied.

Finally, I think remand remedies should be viewed with caution. Where the sitting judge knows that his determination will sustain or vacate an otherwise valid conviction and, as here, the evidence which may or may not be suppressed makes guilt plain, I think it unrealistic to assume that inquiry will be made with as much care and objectivity as would precede trial. This is especially likely to be the case if the judge sitting on remand presided at trial. Thus, even were a remand justified, I would disqualify the judge who previously sat on the cause from hearing the remand. But I think reversal, rather than remand, is the proper disposition here.

There is a further matter which deserves comment, although it does not affect the result. In Hutcherson v. United States, 120 U.S.App.D.C. ——, 345 F.2d 964, decided March 18, 1965, I discussed the question of prosecutorial standards for choice among the various criminal statutes applying to narcotics traffic in the District of Columbia. I noted that the United States Attorney appeared to have elected an indiscriminatingly harsh approach to these choices. In *Hutcherson*, as in the earlier case of Lloyd v. United States, 119 U.S.App.D.C. 373, 343 F.2d 242 (1964), an addict defendant found more or less by accident to be in possession of a few days' supply of narcotics was prosecuted as severely as possible under the applicable statutes. In a substantial number of narcotics cases recently before us, involving the sale of small quantities of narcotics by narcotic addicts, similar harshness has been shown.[1]

Here, violations of much larger proportions seem to have been involved. The record suggests that appellant made a sale of narcotics to an undercover policeman or informant. Marked money was used. Although in our experience the police frequently are willing to wait six to eight months to make arrests after such transactions when dealing with local peddlers,[2] here an arrest was made almost immediately.[3] Two hundred eighty-two capsules, assayed at more than fifteen per cent heroin content, were found. This is fifty to one hundred times the amount of narcotics found on Hutcherson, with a value in the thousands of dollars. Appellant had no previous narcotic convictions.

Although he is not an addict, appellant was prosecuted *solely* under 26 U.S.C. § 4704(a)—the most lenient federal prosecution possible. Of course, appellant does not complain of his good fortune. Although requested, Government counsel before this court could not explain why the five-year mandatory minimum sentence, 21 U.S.C. § 174, which is regularly imposed in cases of apparently lesser consequence, was not invoked here. Since no more need be proved under § 174 than § 4704(a), protection of an informer could not have been the motive. And although this lenient treatment may have been given in exchange for information, appellant's substantial efforts on defense, particularly his attempts to uncover the informer, would indicate otherwise. So does the unusual dispatch with which the police acted to apprehend appellant once they knew they had their man.

At oral argument I asked Government counsel why this appellant, a non-addict found with large quantities of narcotics,

---

1. *E.g.*, Hardy v. United States, 119 U.S. App.D.C. 364, 343 F.2d 233 (1964) ; Ross v. United States, 120 U.S.App.D.C. ——, 349 F.2d 210, decided June 30, 1965; Wilson v. United States, 118 U.S.App. D.C. 319, 335 F.2d 982 (1963).

2. *Ibid.*

3. It is the probable cause for this arrest— *i.e.*, the reliability of the person involved in the above transaction, assuming it occurred—which is questioned in the motion to suppress.

was treated so much better than addicts accidentally found in possession of $40 worth of drugs, or persuaded into making a $10 sale to a police undercover agent or informer. Government counsel offered this explanation: the United States Attorney may have reason to think that such addicts are substantial operators, but may have no way to prove it. Such reasoning is at the heart of the tyranny in the invisible prosecutorial choice he is permitted to make. I am dismayed at the proposition that a prosecutor may sentence offenders to jail terms longer than appears to be warranted by the transactions with which they are charged, because he *thinks* they are involved in bigger stuff—and that this choice may never be reviewed. In any event, the stricter treatment of apparently small operators is not explained by the contention that they are appellant's equals.