**John A. MACKEY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18525.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 22, 1964.

Decided June 30, 1965.

Concurring Opinion Filed Aug. 30, 1965.

Mr. William F. McGraw (appointed by the District Court), Washington, D. C., with whom Mr. Norman H. Heller, Washington, D. C., was on the brief, for appellant.

Mr. Thomas Kennedy, Atty., Dept. of Justice, with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, WASHINGTON, Circuit Judge, and BASTIAN, Senior Circuit Judge.

PER CURIAM.

The indigent appellant was convicted of narcotics offenses which involved transactions with an undercover agent of the Metropolitan Police Department between October 23, 1962 and February 5, 1963. He was sentenced to ten years imprisonment on each of 18 counts, the sentences to run concurrently.

■■ An arrest warrant was issued March 15, 1963 and appellant was arrested April 9, 1963. He was not tried until March 5, 1964, but the delay between arrest and trial was chiefly due to his motions for mental examinations and to the illness of a prosecution witness. Moreover, he did not object to the several continuances that occurred and he did not move to dismiss for lack of a speedy trial until the trial was under way. His motion was rightly denied.

■■ After argument in this court we remanded to the District Court, retaining jurisdiction, for a hearing on the reasonableness and the effects, if any, of the delay between the offenses and the arrest. Appellant moved to subpoena records of the Police Department concerning the reasons for the delay and the Department's policy in undercover investigations. Though the Government did not oppose the motion, the District Court refused to subpoena the documents, saying that "the records of law enforcement agencies * * * are regarded as confidential and are not subject to public inspection" and that requiring their production might "encroach upon the basic and fundamental principle on which this Government is founded, of a tripartite division of the branches of government." This was error. The Government may be required to produce documents in its possession unless it makes a valid claim of privilege. See, e. g., Westinghouse Electric Corp. v. City of Burlington, 122 U.S.App.D.C. ——, 351 F.2d 762 (decided June 9, 1965). Some, at least, of the documents which the appellant sought were material on the reasonableness of the delay and were necessary to appellant's case at the hearing. A subpoena should therefore have been issued. F.R.CRIM.P., Rules 17(b), (c), 18 U.S.C.; Greenwell v. United States, 115 U.S.App.D.C. 44, 317 F.2d 108 (1963).

■ But the error was harmless. The lapse of time between the offenses and the arrest was not shown to have caused prejudice, although the appellant had ample opportunity to show prejudice if there was any. Also, it is most unlikely that the records appellant sought would have shown the delay of two months between the latest offense and the arrest to have been unreasonable. Sentences on all counts were concurrent and ap-

pellant does not suggest that in considering the latest offense the jury was prejudiced by evidence concerning the earlier offenses. Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943); Smith v. United States, 118 U.S.App.D.C. 235, 335 F.2d 270 (1964).

Affirmed.

WASHINGTON, Circuit Judge (concurring):

The decision in Ross v. United States, 121 U.S.App.D.C. ——, 349, F.2d 210 (decided June 30, 1965), sets forth at length the principles applicable to appellant's objection to the delay between the alleged offenses and his arrest. I concur in the majority's opinion because the delay in the instant case is not unreasonable under *Ross*. The delay between the last offense and the arrest was only two months; and appellant did not attempt to show in the remand hearing that he had been prejudiced by the delay.