Francis E. JACKSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18597.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 16, 1964.

Decided Sept. 13, 1965.

Petition for Rehearing En Banc Denied Oct. 28, 1965.

Mr. Charles A. Miller (appointed by this court), Washington, D. C., for appellant.

Mr. Barry Sidman, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and DANAHER and WRIGHT, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge:

Appellant in this case was picked up on March 29, 1962, and charged with having illegally sold narcotics on October 19,

1961, some five months before his arrest. At the trial, the prosecution tendered only one witness to the alleged sale, Federal Narcotics Agent Herman Scott.

The case possesses features similar to other narcotics convictions which in the recent past have troubled this court.[1] The conviction rests on the testimony of one witness [2] who testified to the occurrence of one sale [3] and who admitted at the trial that he had no personal recollection of the description of the appellant contained in his report of the transaction to the Federal Narcotics Bureau.[4] The buy was one of fifty which the narcotics agent made while working undercover on the streets of metropolitan Washington. His undercover activity lasted close to a year, after which twenty-five persons were arrested and charged with narcotics violations. With regard to the length of the investigation, the Government stipulated: "There are no instructions, suggestions, directives or related documents issued by the Federal Bureau of Narcotics to or for its agents specifying the length of time to be spent by an agent in an undercover narcotics investigation. It is the policy of the Bureau that such undercover investigations continue as long as they are effective." Thus, as in *Ross*, the delay between the date of the alleged sale and appellant's arrest did not "result only from arrangements which reflect a conscious effort to accommodate fairness and efficiency." Ross v. United State, *supra* Note 1, 349 F.2d at 213 n. 2.

■■ One element, however, present in *Ross*, is missing from this case. At no time during these lengthy proceedings [5] did appellant make any attempt to show that he was prejudiced by the delay between the date of the alleged offense and the date of his arrest. In some cases, the length of that delay may be so great that prejudice can be presumed unless the Government can show otherwise. See Hanrahan v. United States, 121 U.S.App. D.C. ——, 348 F.2d 363 (1965). But we cannot presume prejudice after a delay of five months. Some showing is necessary.

1. See, *e.g.*, Ross v. United States, 121 U.S. App.D.C. ——, 349 F.2d 210 (1965); Powell v. United States, 122 U.S.App.D.C. ——, 352 F.2d 705, decided August 30, 1965; Bey v. United States, 121 U.S.App.D.C. ——, 350 F.2d 467 (1965); Cannady v. United States, 122 U.S.App.D.C. ——, 351 F.2d 817, decided July 14, 1965; Mackey v. United States, 122 U.S.App.D.C. ——, 351 F.2d 794, decided June 30, 1965; Nickens v. United States, 116 U.S.App. D.C. 338, 323 F.2d 808 (1963).

2. This court has held that the jury may convict on the uncorroborated testimony of a narcotics agent in a narcotics case. Wilson v. United States, 118 U.S.App. D.C. 319, 335 F.2d 982 (1963). But see the opinion of Judge Bazelon, with whom Judge Wright concurred, dissenting from denial of Wilson's petition for rehearing *en banc*. 118 U.S.App.D.C. at 321, 335 F.2d at 984. Compare Ross v. United States, *supra* Note 1.

3. In Powell v. United States, *supra* Note 1, the prosecution was based on two alleged sales on successive days; in Mackey v. United States, *supra* Note 1, on six alleged sales; in Bey v. United States, *supra* Note 1, on "four closely spaced" alleged sales; and in Cannady v. United States, *supra* Note 1, on two alleged sales.

4. Agent Scott fully identified the defendant before the jury, however, and, on defense counsel's request before the jury (compare Johnson v. United States, 121 U.S. App.D.C. ——, 347 F.2d 803 (1965)), his report was made available to defense counsel for cross-examination. No questions were asked with reference to it. To corroborate the testimony of Agent Scott, the Government also showed that the automobile from which the sale of narcotics was made was registered in the name of Eugene Jackson. Appellant's name is Francis Eugene Jackson.

5. Appellant was first tried on October 15, 1962. The conviction resulting from this trial was reversed, see Jackson v. United States, 117 U.S.App.D.C. 325, 329 F.2d 893 (1964), and a new trial was held on April 22, 1964. Two further hearings in the District Court were held—one on February 12, 1965, and one on May 24, 1965—following remands by order of this court. One remand, which is the subject of this appeal, was specifically for the purpose of determining whether appellant was prejudiced by the delay between offense and arrest. Appellant, however, offered no evidence on this issue.

■ This is not to say that prejudice must be proved beyond a reasonable doubt, or even by a preponderance of the evidence. In *Ross*, we held it sufficient that the accused was able to establish only "a plausible claim of inability to recall or reconstruct the events of the day of the offense." Ross v. United States, *supra* Note 1, 349 F.2d at 215. The issue of prejudice being what it is, it will only be the rare case in which the accused can show much more than this. As we noted in *Ross*, "In a very real sense, the extent to which he was prejudiced by the Government's delay is evidenced by the difficulty he encountered in establishing with particularity the elements of that prejudice." 349 F.2d at 215. Since the delay was the clear responsibility of the Government and was arranged solely for its advantage, the accused should not be forced to labor under an exacting burden of proof, but he must still show a plausible claim.

Appellant, realizing his failure to make any showing of prejudice, argues that fair recognition of his privilege against self-incrimination should preclude his having to go forward on this issue. The argument is that, by placing this burden on the accused, undue pressure is put upon him to take the stand and thus to waive his constitutional privilege to remain silent. There is force in this argument. But unless the delay is so long that prejudice can be presumed, some evidence of prejudice must be produced. It would be unreasonable to put the burden of negating prejudice on the Government, because in almost all cases the accused will have peculiar knowledge of the facts which might constitute prejudice.

■ To say, however, that the accused may have peculiar knowledge of how he is prejudiced is not to say that his testimony is indispensable to establish a plausible claim of prejudice. In *Ross*, for example, a friend of the accused gave evidence on the issue of prejudice by testifying that she lived with appellant but could not remember the exact date in question. In other cases, it might be shown that witnesses whose testimony might have been produced have become unavailable. The burden to make out a plausible claim of prejudice can be met in many ways short of putting the accused himself on the stand. Requiring the accused to go forward on this issue, like requiring him to proceed on any issue,[6] does not infringe his right to remain silent.

For the reasons stated, the judgment must be

Affirmed.

DANAHER, Circuit Judge (concurring):

I quite agree with Judge Wright that affirmance is here in order. He properly observes that the appellant had made no attempt "to show that he was prejudiced by the delay between the date of the alleged offense and the date of his arrest." I comment in addition that where an accused asserts an affirmative ground for relief, the courts have quite generally imposed upon him the burden of proving his entitlement.[1]

In these recurring "delay in arrest" cases[2] circumstances inevitably vary, so that in last analysis, each case presents an issue of fact for the jury.[3] If an ac-

---

6. Compare Peckham v. United States, 93 U.S.App.D.C. 136, 210 F.2d 693 (1953); Williams v. United States, 78 U.S.App. D.C. 147, 138 F.2d 81, 153 A.L.R. 1213 (1943); Annot., 153 A.L.R. 1218 (1944).

1. Nardone v. United States, 308 U.S. 338, 341, 60 S.Ct. 266, 84 L.Ed. 307 (1939); Wilson v. United States, 218 F.2d 754, 757 (10 Cir. 1955); Lotto v. United States, 157 F.2d 623, 626 (8 Cir. 1946).

2. See, *e.g.*, cases cited in footnote 1 of Judge Wright's opinion. As for my views on the delay problem generally, see my dissenting opinion in Ross v. United States, 121 U.S.App.D.C. ——, ——, 349 F. 2d 210, 216 (1965).

3. See Wilson v. United States, 118 U.S. App.D.C. 319, 335 F.2d 982 (1963), rehearing en banc denied (1964); Morgan v. United States, 115 U.S.App.D.C. 310, 319 F.2d 711, rehearing en banc denied,

cused for reasons of his own chooses not to testify before the jury, he certainly to sustain his burden of proof may testify in support of a proper motion to be heard by the judge without the jury's presence. That very course had been followed by Judge Pine, and we approved when we affirmed by order in Harvey v. United States (No. 17852, Oct. 4, 1963), often cited in our remand orders in cases not unlike this. The "dilemma" theory of the appellant's argument lacks substance whether the claim of the accused be based upon "delay" or not.[4]

I agree there was no error.

cert. denied, 375 U.S. 884, 84 S.Ct. 158, 11 L.Ed.2d 114 (1963). The Supreme Court denied certiorari in Redfield v. United States, 377 U.S. 972, 84 S.Ct. 1654, 12 L.Ed.2d 741, and see 117 U.S.App.D.C. 231, 328 F.2d 532 (1964).

4. See cases cited in footnote 6 of Judge Wright's opinion.