**Larry C. GODFREY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18442.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 1, 1964.

Decided March 9, 1966.

---

Mr. William J. Garber, Washington, D. C. (appointed by the District Court), for appellant.

Mr. Robert D. Devlin, Asst. U. S. Atty., at time of argument, with whom Messrs. David C. Acheson, U. S. Atty., at time of argument, Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee. Mr. David G. Bress, U. S. Atty., also entered an appearance for appellee.

Before BASTIAN, Senior Circuit Judge, and WRIGHT and McGOWAN, Circuit Judges.

PER CURIAM:

After oral argument of this appeal from a conviction under an indictment charging nine counts of narcotics violations, we remanded the case to the District Court for a supplementary inquiry into the reasonableness of the delay between the offenses alleged and appellant's arrest. The District Court conducted such a hearing, and made findings of fact and conclusions of law. Subject to our review, it ordered that (1) counts four through nine of the indictment be dismissed, and (2) a new trial be afforded on the first three counts. Our examination of the record persuades us that this action should not be set aside.

The three sales of narcotics involved are alleged to have occurred on October 10, 11, and 12, 1962. The purchaser was an undercover policeman who terminated his assignment as such on December 5, 1962. A complaint was filed against appellant on that day, and a warrant issued for his arrest. It was not executed until February 11, 1963.

The case against appellant consisted of the testimony of the undercover policeman and the introduction of the narcotics. Appellant denied making the

sales. He testified that on October 10 he was in New York; and that he could not remember what he was doing on October 11 and 12.

The District Court concluded, we think rightly, that the delay between offense and complaint was reasonable in the light of its purpose to protect the undercover operation; and that, had the arrest been made promptly after complaint, there would have been no problem of prejudicial delay. It found, however, that under these circumstances the police efforts to arrest appellant after complaint were not diligent enough, with the result that the combined delays from offense to complaint, and complaint to arrest, prejudiced appellant's ability to defend himself as to the October 11 and 12 incidents. It concluded that, although the charges in respect of those days should be dismissed, a new trial should be had on the counts relating to October 10 because of the danger that appellant's inability on the witness stand to account for October 11 and 12 may have adversely affected the jury's verdict on the October 10 count.

 These determinations, in our view, fell within the discretion committed to the judge as the trier of the facts on the remand and as the presiding authority at the trial on the merits. We note that, although the total lapse of time from offense to arrest was about four months, two months of that period was not protected, in terms of reasonableness, by any purpose to advance the public interest in effective law enforcement. The District Court appears to have been of the view that, where delay to serve the purposes of the public occurs, with inevitable impact upon the interests of the accused, there is an obligation on the police to be as diligent as possible in making the arrest, to the end that the accused may know as soon as possible of the charge against him. We agree. The disadvantage to the accused inherent in the deliberate preference accorded the public interest in the one period should not be compounded by a failure to exercise appropriate diligence in the other.

The findings and conclusions of the District Court after hearing on remand are left intact, and the order founded upon them is

Affirmed.

BASTIAN, Senior Circuit Judge, would affirm the convictions.