**Wilburt KING, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**Nos. 19739, 20138.**

United States Court of Appeals District of Columbia Circuit.

No. 19739 Argued Feb. 15, 1966.

No. 20138 Not Argued.

Decided Oct. 24, 1966.

Petition for Rehearing En Banc Denied Dec. 14, 1966.

Miss Mary M. Burnett, Washington, D. C., for appellant.

Mr. Dean W. Determan, Asst. U. S. Atty., at the time the brief was filed, with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Joel D. Blackwell, Asst. U. S. Attys., were on the brief, for appellee. Mr. Allan M. Palmer, Asst. U. S. Atty., also entered an appearance for appellee in No. 19739.

Before EDGERTON, Senior Circuit Judge, and DANAHER and BURGER, Circuit Judges.

DANAHER, Circuit Judge:

This appellant on September 29, 1962 sold narcotics to a police informant, one Harris who had known the appellant for some six to eight years. An undercover officer, Moore, witnessed the sale. Both

---

**214**

Moore and Harris identified the appellant after he had been arrested and at trial. About five and a half months later, Moore ceased his undercover work and obtained warrants for the arrest of various narcotics suspects, including this appellant. Thereafter, for approximately seven months according to police testimony before two different District Judges, continuous and diligent search was made before police on October 28, 1963 were successful in arresting the appellant.

The appellant remained at liberty on bail throughout as trial continuances were granted on several occasions at the request of the appellant's counsel. Then when trial was ready to proceed on September 15, 1964, the appellant jumped bail and his bond was forfeited. He remained at liberty for more than seven months.

Thereupon following his re-arrest, the appellant moved to dismiss the indictment on the ground that delay between the date of the offense and arrest had violated his Fifth Amendment rights of due process and his Sixth Amendment rights to a speedy trial.

At the trial on June 28, 1965, the appellant did not testify, and the jury's verdict of guilty followed.

Our careful review of the record has satisfied us that the appellant is not entitled to a reversal of his conviction. United States v. Ewell, 383 U.S. 116, 120, 122, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); Jackson v. United States, 122 U.S.App. D.C. 124, 351 F.2d 821 (1965); Redfield v. United States, 117 U.S.App.D.C. 231, 328 F.2d 532, cert. denied, 377 U.S. 972, 84 S.Ct. 1654, 12 L.Ed.2d 741 (1964); Powell v. United States, 122 U.S.App. D.C. 229, 352 F.2d 705 (1965); United States v. Wilson, 342 F.2d 782 (2 Cir. 1965).

The judgment of conviction is

Affirmed.[1]

EDGERTON, Senior Circuit Judge (dissenting):

Appellant was convicted of narcotics offenses involving an alleged sale, on September 29, 1962, in the presence of an undercover policeman. No complaint was filed and no arrest warrant issued until March 15, 1963, when the undercover investigation was closed. Appellant was not arrested until October 28, 1963. Before trial he twice moved to dismiss the indictment on the ground that he was prejudiced by the 13-month delay between the alleged sale and the arrest. After trial he moved, on the same ground, for acquittal or a new trial.

All these motions were denied. When his appeal from his conviction was argued, he obtained our leave to move in the District Court for a new trial on the ground of newly discovered evidence to the effect that he was available for arrest between March 15 and October 28, 1963. An appeal from denial of this motion is consolidated with the appeal from conviction.

In a hearing on the first motion to dismiss, the District Court said "I think as a matter of law, delay in making an arrest after the complaint is filed is no ground for dismissing the indictment. * * * I am not going to go into the question whether the police used sufficient diligence." Accordingly the judge cut short appellant's attempt to rebut a policeman's testimony concerning diligence and denied appellant's motion. In a hearing before another judge on the second motion to dismiss, the District Court took testimony bearing on appellant's availability for arrest during the delay in arresting him but made no findings of fact or conclusions of law. The second motion to dismiss was denied, without explanation, on June 25, 1965.

In another case decided five days later, on June 30, 1965, we held that an unreasonable and prejudicial delay of seven

---

1. After argument appellant asked that we defer a decision pending hearing upon his motion for a new trial which had been filed in the District Court on February 24, 1966. That motion was de-

nied. An appeal from that denial, No. 20138, King v. United States, was thereupon consolidated with the instant case, and the District Court's order is affirmed.

months between a narcotics offense and the filing of a complaint invalidated a conviction. We had remanded the case "for supplementation of the record with respect to the reasonableness of this delay in apprising appellant of the charge against him, and the effect of that delay on appellant's ability to defend against the charge." Ross v. United States, 121 U.S.App.D.C. 233, 234, 349 F.2d 210, 211. In Mackey v. United States, 122 U.S.App. D.C. 97, 98, 351 F.2d 794, 795, which was also decided June 30, 1965, we had remanded, "retaining jurisdiction, for a hearing on the reasonableness and the effects, if any, of the delay between the offenses and the arrest."

It is now the settled practice of this court in narcotics cases to remand for such a hearing when the District Court has not made adequate inquiry into a defendant's claim of prejudicial delay. A recent example is Godfrey v. United States, 123 U.S.App.D.C. 219, 358 F.2d 850, decided March 9, 1966. In *Godfrey* we held, following a remand for a hearing, that "where delay [in filing a complaint] to serve the purposes of the public occurs, with inevitable impact upon the interests of the accused, there is an obligation on the police to be as diligent as possible in making the arrest, to the end that the accused may know as soon as possible of the charge against him. * * * The disadvantage to the accused inherent in the deliberate preference accorded the public interest in the one period should not be compounded by a failure to exercise appropriate diligence in the other." 123 U.S.App.D.C. at 221, 358 F.2d at 852.

Appellant did not testify. In support of his motions to dismiss, his counsel informed the court without dispute that appellant had been prejudiced and prevented from defending himself by his inability to recall after many months where and with whom he had been on September 29, 1962. No proof that memories fade is necessary, and proof that particular facts have been forgotten is seldom possible. In Jackson v. United States, 122 U.S.App.D.C. 124, 351 F.2d 821

(1965), we declined to presume prejudice from a delay of five months, not 13 months as here, between an offense and an arrest. But we said: "In some cases * * * delay may be so great that prejudice can be presumed unless the Government can show otherwise." 122 U.S.App.D.C. at 125, 351 F.2d at 822. Here the Government did not attempt to show otherwise. In the absence of such a showing, I think prejudice should be presumed from the long delay.

I would remand, retaining jurisdiction, with directions to hold a full hearing and make findings on the reasonableness and the prejudicial effect, if any, of the delay between the alleged offenses and the arrest.