**UNITED STATES of America**

v.

**Thomas Edward DITTUS, Appellant, et al.**

**Appeal of James William PLUMLEY, Appellant in No. 71-1516.**

**Appeal of John MULQUEEN, Appellant in No. 71-1517.**

**Nos. 71-1515 to 71-1517.**

United States Court of Appeals, Third Circuit.

Submitted Oct. 22, 1971.

Decided Jan. 3, 1972.

E. Harris Baum, Zarwin, Baum, Arangio & Somerson, Philadelphia, Pa., for appellants Thomas Edward Dittus and James William Plumley.

Edward J. Ross, Zarwin, Baum, Arangio & Somerson, Philadelphia, Pa., for appellant John Mulqueen.

Louis C. Bechtle, U. S. Atty. and Richard M. Meltzer, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before ALDISERT, GIBBONS and MAX ROSENN, Circuit Judges.

## OPINION OF THE COURT

MAX ROSENN, Circuit Judge.

These are appeals from a conviction in the Eastern District of Pennsylvania for violating 18 U.S.C. § 659, Theft From Interstate Shipment. Appellants were originally indicted on November 1, 1970. On December 22, 1970, appellants filed a motion to suppress certain unspecified evidence allegedly illegally seized by agents of the Federal Bureau of Investigation. On February 11, 1971, the original indictment was superseded by a second indictment. It was on this indictment that the appellants were tried and convicted.

On March 1 just as the court was about to proceed with the selection of a jury, appellants filed a memorandum with the district court. Apparently, this memorandum was meant to support the motion which had been filed on December 22, 1970, under the first, original, indictment.[1] The district court judge stated that he was not going to delay the trial to hear argument on the motion to suppress, but that he would rule on the motion if it became germane during the trial itself. The trial began. Prior to the close of the Government's case, the district court judge explicitly ruled that the motion to suppress would be denied.

It is not contended by appellants that the judge was incorrect in finding that there was adequate ground to deny the motion to suppress. The only signifi-cant argument advanced by appellants is that the district court erred, under Federal Rule of Criminal Procedure 41(e), in refusing to conduct a hearing on the motion to suppress prior to the jury trial. The argument has no merit.

■ The motion to suppress filed on December 22 could hardly provide a ground on which to hold a suppression hearing. First, this motion had been filed under an indictment which was not before the district court. There is nothing in the record which indicates that appellants made any effort to have their motion on the first indictment applied to the second indictment. Secondly, even if the defendants, at the time of jury selection, could be understood to have placed the motion anew before the court, it came too late for the judge's consideration. "[H]ere [although] the trial had not literally begun the hearing would have delayed it." United States v. Allied Stevedoring Corp., 241 F.2d 925, 931 (2nd Cir. 1957). Thus, it was within the judge's discretion, under Rule 41(e), to disallow a hearing before trial. *Allied Stevedoring Corp.*, at 931.

Appellants rely on Battle v. United States, 120 U.S.App.D.C. 221, 345 F.2d 438 (D.C.Cir.1965). In that case an adequate motion to suppress was filed a substantial time before trial. A hearing on the motion had been scheduled, but it was not heard on the appointed day, apparently because of the extensive work-

---

1. The following colloquy occurred between defense counsel and the district court judge as jury selection was about to begin:

"MR. BAUM: Your Honor, before going upstairs we have this motion for suppression of evidence. What is your consideration? How do you want that handled, sir?

"THE COURT: I will answer that in two ways. First, this memorandum or brief that is here—

"MR. BAUM: Yes, sir, we gave it to you very late, Your Honor, for which I apologize.

"MR. MELTZER: I haven't received a copy of it, Your Honor.

"THE COURT: Just a moment. I just saw it for the first time this morning.

"MR. BAUM: Yes, Your Honor.

"THE COURT: I am not going to delay trial of this case to hear argument on it. We will go ahead with the trial. If there is anything during the trial that comes up which you think should be suppressed, you call it to the attention of the Court and we will rule on it at that time. I am not going to decide a motion to suppress when we are just about to pick a jury."

No motion to suppress occurs in the record or docket sheet, prior to this discussion. The only motion to which counsel for appellants could have been referring seems to be the motion filed December 22, 1970, in relation to the prior indictment. This prior indictment is not a part of the record before this court.

load of the court, which referred the motion to the trial judge to be heard as a preliminary matter. On the day of trial, the trial judge did not hold a hearing. The Court of Appeals, D.C. Circuit, held that "[t]he proper sequence is to comply with Rule 41(e) by a hearing before trial as the rule provides." *Battle*, at 440. In the case *sub judice*, unlike the *Battle* case, the first time the district court could be conceived to have had a motion properly placed before it was at the moment of jury selection. Thus, the district court properly exercised its discretion in deciding not to hold a hearing.

It is also argued by appellants that the district judge, in noting that he would reserve a final determination of their motion to suppress, placed the appellants within the holding of United States v. Blalock, 253 F.Supp. 860 (E.D. Pa.1966). In *Blalock,* no motion to suppress had been made before trial began. When the motion was made during trial the district court failed to make a ruling which disposed of it in completely clear and undisputable fashion. "Thus, Blalock had to choose whether to take the stand (1) without the benefit of a final ruling on the suppression issue, i. e., without knowing precisely how much evidence was against him, and (2) with the added inducement that if he took the stand he might convince [the court] of the absence of consent to the search." The critical factor in *Blalock,* was, thus, the failure of the district judge to make a final and definite ruling on the suppression issue "not later than the conclusion

of the Government's case-in-chief, so that defendant's decision whether to testify could be informed and unfettered." *Blalock,* at 863.

In the case *sub judice*, the district court judge, before the defendants presented their case, ruled in language that could not be misinterpreted that the motion to suppress was denied.[2] The defendants, therefore, had the benefit of a decisive ruling on the motion and any decision to testify was "informed and unfettered."

The other points raised by appellants do not require comment. The judgments of conviction of the district court will be affirmed.

---

2. The judge used the following language in making his ruling:

"*Well, now, I have heard enough evidence to convince me beyond any shadow of a doubt that this was a valid search*; that the special agents under the law were entitled to go in there, seize these cartons and their contents and search the premises based on the consent given by Mr. Peetros. . . . *That is the final ruling. The motion to suppress, as I have previously said, is denied. However, I did in a sense hold it under advisement until I heard testi-*

*mony, but in my opinion beyond question they had a right to search* and this is a good example of wasting days and hours as so frequently happens of late, hearing long arguments and presentation of testimony on a frivolous motion to suppress when the time could be better used to try the case. We have done both at once, and that is my ruling. *The motion as I say, is denied.*" (N.T. 317). (Emphasis supplied.) The foregoing colloquy occurred outside the presence of the jury.