**UNITED STATES of America**

v.

**John N. MITCHELL et al., Defendants.**

**Crim. No. 74–110.**

United States District Court, District of Columbia.

Aug. 22, 1974.

Leon Jaworski, Special Prosecutor, Philip A. Lacovara, Special Counsel to the Special Prosecutor, Peter M. Kreindler, Executive Asst. to the Special Prosecutor, James F. Neal, Associate Special Prosecutor, Gerald Goldman, Asst. Special Prosecutor, George T. Frampton, Jr., Asst. Special Prosecutor, Watergate Special Prosecution Force, Washington, D. C., for the plaintiff.

John M. Bray, Francis X. Lilly, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., for defendant Gordon Strachan.

MEMORANDUM AND ORDER

SIRICA, District Judge.

This matter comes before the Court on motions filed by Gordon Strachan who is charged in the March 1, 1974 in-

---

dictment under Count One (conspiracy), Count Two (obstruction of justice) and Count Thirteen (false statements before a federal grand jury.)

In motion papers filed on May 1, 1974, Mr. Strachan moved to dismiss the indictment and to bar prosecution based on equitable and statutory grants to him of immunity. The government filed its opposition to the motions and referred to the Memorandum of Evidence Against Gordon Strachan filed with the Court under seal on July 19, 1973.

On July 9, 1974 this Court ordered a brief preliminary hearing to be held on July 29 and 30, 1974, relative to the government's ability to make a *prima facie* showing that its essential evidence against Mr. Strachan is untainted.

Prior to the hearing the Court decided that it would initially approach the question of dismissal because of violations of immunity grants in two steps. First, the government would be put to the test of making a preliminary showing that it had evidence against the defendant which was obtained independently, i. e., not from the information Strachan revealed to the government under the informal and statutory grants of immunity. If the government was successful in making a *prima facie* showing that the evidence against Mr. Strachan was untainted, then it would have to show that it did not make impermissible use of the tainted or immunized disclosures of Mr. Strachan. See generally United States v. First Western State Bank, 491 F.2d 780 (8th Cir. 1974); United States v. McDaniel, 482 F.2d 305 (8th Cir. 1973); Battle v. United States, 120 U.S.App.D.C. 221, 345 F.2d 438 (1965); United States v. Dornau, 359 F.Supp. 684 (S.D.N.Y. 1973) rev'd on other grounds 491 F.2d 473 (2d Cir. 1974); United States v. Birrell, 269 F. Supp. 716 (S.D.N.Y.1967).

The purpose of the two-day hearing was to deal with the first issue only. During the hearing, the government carefully outlined the categories of essential evidence it had against Mr. Strachan. The principal witnesses from whom the essential evidence against Mr. Strachan was elicited were identified, and during the hearing the government put a number of witnesses on the stand to show that the implicating evidence given by each of the principal witnesses was obtained either prior to any grant of immunity or was developed entirely independently of the immunized disclosures.

Upon careful consideration of the testimony that was given at the hearing held on July 29 and 30, 1974, and upon full consideration of the memoranda filed by the parties relative to this question, it is the conclusion of this Court that the government has made a preliminary showing that the evidence against Mr. Strachan is untainted by his immunized disclosures.

The next concern of this Court is whether the government has made any impermissible use of the immunized disclosures of Mr. Strachan. It appears that the primary focus of this issue will be upon the legal question of what constitutes impermissible use, that is, what is the extent of the immunity conferred on Mr. Strachan under 18 U.S.C. § 6002 and the prosecutors' equitable immunity agreement.

At a pre-hearing conference held on July 29, and at various times during the two-day hearing, the attorneys for the government and for Mr. Strachan indicated that they had discussed the possibility of stipulating to the various uses that were made by the prosecutors of Mr. Strachan's immunized testimony and disclosures. Such stipulations would be particularly helpful and appropriate in this case.

Therefore, it is by this Court, this 22nd day of August, 1974, hereby ordered that the attorneys for Mr. Strachan and the Special Prosecutor present to this Court within seven (7) days of the date of this Order their stipulations regarding the uses made by the prosecutors of the immunized disclosures of Mr. Strachan.