## CARPENTER v. UNITED STATES.
### No. 7117.

United States Court of Appeals for the District of Columbia.
Argued Oct. 4, 1938.
Decided Nov. 7, 1938.

John Edgar Chadwick and J. Frank O'Brien, both of Washington, D. C., for appellant.

David A. Pine, U. S. Atty., and Roger Robb, Asst. U. S. Atty., both of Washington, D. C., for appellees.

Before GRONER, C. J., and MILLER and VINSON, JJ.

PER CURIAM.

Appellant was indicted for perjury and convicted in the District Court. He seeks a reversal, first, because the trial court refused to declare a mistrial for alleged misstatements of a juror on his voir dire; second, because the court imposed sentence under the District of Columbia perjury statute instead of under the Federal statute.

The facts relied upon to sustain the first point are the following: When twelve prospective jurors were in the box, the district attorney arose and stated to them that the defendant was represented by Mr. Ehrlich and Mr. Burnett; that the government was represented by himself and Mr. Jackson; and that the government expected to call witnesses whom he would ask to stand as he called their names. He then called the names of numerous witnesses and, turning to the jury box, said, "I will ask you wheth-

 

er you know any of the people whose names I have called, including Carpenter, the defendant; and any of the witnesses, or any of the people who are involved in the case in which the perjury is charged to have been committed?" There was no response. After a jury had been selected and impaneled and a considerable portion of the evidence for the government heard, counsel for defendant went to the bench and in the presence of counsel for the government asked the court to declare a mistrial and continue the case on the ground that a juror, Kaufman, knew and was known to them and had testified some four or five years previously in a case in which one of them had sought to impeach Kaufman's veracity. Both of counsel stated that when the jury was selected, they did not recognize the juror as the witness in the former case, and were not sure of his identity until the midday recess. Counsel did not then allege or attempt to show any bias on the part of the juror against either counsel or defendant, nor was there anything to show that the juror had recognized counsel any more than counsel had recognized him. On the showing made Judge Adkins denied the motion.

There was a verdict of guilty, and on a motion for a new trial, based on the same grounds, the juror was called for examination. He testified that when sworn as a juror he had no recollection of the former case; that only upon having his mind refreshed did he recall having met the attorneys for the defendant at or about that time, but that he did not consider that he knew either of them; that he had never had any business dealings or transactions with either; and that he did not understand the question asked upon his examination as requiring him to make an affirmative reply, since he knew the attorneys only as he would know any lawyer who appeared in court; and that neither the case which was tried in 1933 nor anything else had caused him to have any hard feelings or prejudice against either of counsel.

We think the trial judge was right in refusing to set aside the verdict and grant a new trial. Obviously, the fact that a juror may know counsel is not of itself sufficient ground to challenge him for cause. Nor is the fact that a juror was involved with counsel in litigation a sufficient ground. On the other hand, of course, it is the duty of every juror to answer questions affecting his qualifications honestly, and if he conceals a material fact which, if disclosed, would probably have induced counsel to strike him from the jury, a new trial should ordinarily be ordered. But that is not this case. Here there is no evidence to show that the juror purposely failed to answer the questions of counsel or that he deliberately concealed his acquaintance with them. The opportunities of counsel to know the juror were equal to those of the juror to know counsel, and so far as appears neither recognized the other.

In view of the facts as outlined above and the lack of showing of bias or prejudice, we think the motion for new trial was properly overruled; and since we have already passed upon the other point adversely to the appellant, in the companion case of O'Brien v. United States, 69 App.D.C. 135, 99 F.2d 368, certiorari denied 59 S.Ct. 95, 83 L.Ed. ——, there is nothing further to consider, and the judgment consequently is affirmed.

Affirmed.