Judson B. BEY, Appellant,

v.

UNITED STATES of America,
Appellee.

George B. EL, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 18611, 18612.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 28, 1965.

Decided July 20, 1965.

Mr. Joseph J. Lyman, Washington, D. C., for appellant in No. 18611.

Mr. Josiak Lyman, Washington, D. C., for appellant in No. 18612.

Mr. John R. Kramer, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee. Messrs. Daniel J. McTague, Jerome Nelson, Asst. U. S. Attys., and Mr. Gerald A. Messerman, Asst. U. S. Attys., at the time the record was filed, also entered appearances for appellee.

Before BAZELON, Chief Judge, and WASHINGTON and WRIGHT, Circuit Judges.

PER CURIAM.

This case presents problems similar to those discussed in Ross v. United States, D.C. Cir., 349 F.2d 210, decided June 30, 1965. Here, however, much of the uncertainty which characterized the conviction in that case is missing. There were four closely spaced transactions in narcotic drugs. Each transaction appears to have involved a lengthy confrontation between the appellants and the undercover agent. The undercover agent was a trained officer of the Federal Narcotics Bureau, with two years experience in his work, at the time of the sales. He testified that while he used his notebook of transactions to refresh his memory as to dates and the amount of money involved, he could remember the details of the transactions independently. And only three and one-half months had passed between the last transaction and the swearing out of the arrest warrants herein.

No one of the above factors is determinative. But their total effect is such that we cannot conclude that this prosecution had dimensions as slender as *Ross*.[1] The parties show no other reason why we should not affirm.

Affirmed.

---

1. It is true that in the agent's testimony, frequent reference was made to persons who could corroborate various details of his testimony, yet no such corroboration appeared. It would have been better, in our view, had testimony been adduced to support his assertions.