Arthur M. ROY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18285.

United States Court of Appeals District of Columbia Circuit.

Argued April 21, 1964.

Decided Sept. 2, 1965.

Petition for Rehearing En Banc Denied March 11, 1966.

Mr. Jerrold Scoutt, Jr., Washington, D. C. (appointed by the court) for appellant.

Mr. Alan Kay, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and WASHINGTON and DANAHER, Circuit Judges.

DANAHER, Circuit Judge:

This appellant was convicted of narcotics violations. After the jury had returned its verdict in September 1963, the Government filed an information setting up his previous conviction on narcotics charges in 1955. Appellant was sentenced to concurrent terms of imprisonment of ten years on each count.

On appeal it has been contended that the court erred in failing to instruct on entrapment, but the record discloses no sufficient predicate for his claim. Berry v. United States, 116 U. S.App.D.C. 375, 324 F.2d 407 (1963), cert. denied, 376 U.S. 959, 84 S.Ct. 972, 11 L.Ed.2d 977 (1964). He asks us to rule that he had been denied a speedy trial. A warrant for his arrest had issued on December 5, 1962; the trial began September 26, 1963. Each pre-trial continuance had been granted upon the appellant's motions for additional time to prepare or for mental examination. Moreover no "speedy trial" issue had been raised in the District Court. His present claim is without substance. See Smith v. United States, 118 U.S.App.D.C. 38, 331 F.2d 784 (en banc, 1964); King v. United States, 105 U.S.App.D.C. 193, 265 F.2d 567 (en banc), cert. denied, 359 U.S. 998, 79 S.Ct. 1124, 3 L.Ed.2d 986 (1959); Nickens v. United States, 116 U.S.App.D.C. 338, 323 F.2d 808 (1963). He has submitted a frivolous claim that the Harrison Narcotic Act, 26 U.S.C. §§ 4704(a), 4705(a) (1965), is unconstitu-

tional. The law is otherwise. United States v. Doremus, 249 U.S. 86, 39 S.Ct. 214, 63 L.Ed. 493 (1919); Nigro v. United States, 276 U.S. 332, 48 S.Ct. 388, 72 L.Ed. 600 (1928).

Appellant on brief and at oral argument had also challenged his conviction on the ground that following the sale of five capsules of heroin to Metropolitan Police Officer Bush on August 23, 1962, there had been undue delay in the issuance of an arrest warrant on December 5, 1962. Because a similar issue had arisen in the then pending case of Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965), we remanded that the District Court might hold a hearing as to "the reasonableness vel non" of the delay and "its effect, if any, on the defense of the case."

The trial judge after hearing prepared findings of fact and announced conclusions of law which are now before us. He found that the period of three months and 13 days between violation and the issuance of the arrest warrant had been utilized for an undercover investigation by Officer Bush of the narcotics traffic in the District of Columbia. The latter worked seven days a week, during daylight and nighttime hours, compiled daily work sheets of his activities and recorded all purchases of narcotics. Warrants were obtained for some 51 persons as a result of the investigation. The judge further found that between December 5, 1962 and February 22, 1963, when Roy was arrested, his whereabouts were unknown to the Metropolitan Police. The police had exercised diligent efforts to locate Roy. They had notified all precinct stations, the Federal Bureau of Narcotics and the Federal Bureau of Investigation. The officers had visited addresses on file where the appellant formerly had residence. Further in their attempts to apprehend Roy, they interviewed known associates and a co-defendant in this case and had maintained surveillance over areas which the appellant had been known to frequent.

At the hearing on remand the appellant produced a witness who testified in contradiction of the police, that the appellant had been at her home on December 23, 1962 when the police conducted a raid. Yet, the District Judge found, the home of that witness was first raided by police in March 1963, subsequent to the arrest of the appellant.

The District Judge concluded that the police had used "every means available to them" as they diligently had sought to arrest the appellant. He deemed the delay between violation and the issuance of the warrant reasonable and necessitated by the requirements of effective enforcement of the federal and District of Columbia narcotics control laws. He relied upon Nickens v. United States, supra; Wilson v. United States, 118 U.S.App.D.C. 319, 335 F.2d 982 (1963), rehearing (en banc) denied (1964); Redfield v. United States, 117 U.S.App.D.C. 231, 328 F.2d 532, cert. denied, 377 U.S. 972, 84 S.Ct. 1654, 12 L.Ed.2d 741 (1964).

The District Judge additionally had found:

"The very nature of the nefarious narcotics traffic, the type of persons engaged in the business, the areas in which it is conducted, the complete absence of complainants, and the clandestine means employed to distribute narcotics in the District of Columbia, made the use of undercover decoys to ferret out peddlers of narcotic drugs a practical necessity if the law enforcement officials of the District of Columbia were to perform their assigned functions."

■ We are satisfied that the detailed findings by the District Judge supported his conclusions. Ross v. United States, supra, is not to the contrary, depending as it does upon the circumstances there relied upon for the conclusion reached by the majority.

We deem it unnecessary to discuss other contentions submitted to us. After

our review of the record as a whole, the conviction [1] is

Affirmed.

WASHINGTON, Circuit Judge, did not participate in this opinion.

---

1. Morgan v. United States, 115 U.S.App. D.C. 310, 319 F.2d 711, rehearing *en banc* denied, cert. denied, 375 U.S. 884, 84 S.Ct. 158, 11 L.Ed.2d 114 (1963); Wilson v. United States, *supra.*