Douglas P. WHITTED, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 22830.

United States Court of Appeals
Ninth Circuit.

May 5, 1969.

W. C. Miller (argued), Los Angeles,
Cal., for appellant.

Arnold Regardie (argued), Asst. U. S.
Atty., Wm. Matthew Byrne, Jr., U. S.
Atty., Robert L. Brosio, Asst. U. S. Atty.,
Crim. Div., Los Angeles, Cal., for appellee.

Before BARNES and HAMLEY, Circuit Judges, and McNICHOLS, District
Judge.

McNICHOLS, District Judge:

Appellant, Douglas P. Whitted, was
convicted by a jury on a single count
indictment for an illegal sale of narcotic
drugs in violation of 26 U.S.C. § 4705(a).
Jurisdiction in the District Court was
based on 18 U.S.C. § 3231 and we have
jurisdiction of this appeal under 28
U.S.C. § 1291. We find no reversible
error and therefore affirm the conviction.

The principal ground advanced for
reversal is based on a delay of slightly
less than six months between the date
of the alleged offense and the date of
arrest. Appellant contends that this pre-
arrest delay deprived him of due process
of law.

The facts of the case are rather simple.
On February 6, 1967, William Coonce, a
federal narcotics agent, in the company
of an informant, met the appellant in
appellant's car. Coonce testified that,
while in the car, he purchased and re-
ceived several bottles of pills from Whit-
ted. It is not disputed that the pills
contained narcotic substances, the sale of
which violated the statute under which
appellant was charged. While the trans-
action was taking place, another agent,
David Westrate, was in a position to ob-
serve appellant's automobile. He saw
Coonce, appellant and the informer in the
car together but was not able to see the
actual exchange of pills or money. Im-
mediately after the sale Coonce displayed
the pills to Westrate.

Agent Coonce testified that Whitted
had advised him that Whitted and anoth-
er man were operating a scheme of rob-
bing drug stores as a source of narcotics
for sale.

Whitted was not arrested until August
2, 1967, six months after the alleged of-

fense. The government contended that delay was necessary as attempts to locate appellant's source of supply were being pursued and that an arrest would have jeopardized the success of that investigation.[1]

On cross-examination of Agent Coonce, an abortive attempt was made to show that he had no independent recollection of the transaction with appellant. He conceded that he had checked his notes prior to trial, but stated that he only needed to verify the exact day and hour. He unequivocally stated that he had testified from memory to substantially all the facts with the exception of the need to refresh his memory as to the exact day and time. He did not retreat from this statement under further careful cross-examination. It is to be noted that Agent Westrate corroborated the details of date, time and identification of the appellant.

Appellant took the witness stand and denied the sale to Coonce. In an apparent attempt to show prejudice because of the pre-arrest delay, he testified that he could not remember the events of the evening in question because of the lapse of time (eight months by the time of trial). He was sure, however, that he had worked at his regular employment that day. On cross-examination he admitted that during all of the month of February, 1967, he was the owner of a yellow 1954 Chevrolet automobile. This corresponded with the description of the automobile in which Agent Coonce testified the illegal sale was consummated.

On this appeal appellant places great, and we think undue, reliance on a holding of the United States Court of Appeals of the District of Columbia Circuit. Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965).

Ross involved an appeal from a conviction for the illegal sale of narcotics. There had been a pre-arrest delay of seven months. A single police officer was depended on for the proof of the sale and identification of the accused. The officer had been involved, as an undercover agent, in a series of more than one hundred narcotics transactions during the seven months period prior to the arrest of Ross. He had no "present recollection" of the incident involved and depended on his recollection only as refreshed from his notes. The appellant was a man of limited education, unemployed, and an individual who maintained no recorded method of recalling his activities or whereabouts at any particular time. He was, assertedly because of the lapse of time, unable to recall anything about his actions or whereabouts at the time of the alleged offense.

A divided three-judge panel of the Court decided Ross; there was a vigorous dissent. The discussion in the majority opinion makes it clear that members of the Court had become disturbed by the police tactics utilized in narcotics cases in the District of Columbia. The Court described as "a recurring spectacle" numerous convictions based on the uncorroborated testimony of a single officer, who, because of the delay between the offense and arrest, was unable to recall the details of the alleged offense except by reliance on his notes. The Court seemed to feel that, in such cases, where the delay was prolonged and deliberate on the part of police, and, where as a result of the delay, the accused was unable to recall the events of the day to his prejudice, the Court had an obligation to take steps to prevent injustice.

The Court sidestepped the question of due process and put its holding on the basis of its inherent supervisory power in criminal matters. The exact holding of Ross is best summarized in the language of the opinion itself, at pages 215–216:

"The record before us is, thus, one which shows (1) a purposeful delay of seven months between offense and

---

1. There is an indication in the record that the authorities were ready to proceed against Whitted about two months before his actual arrest, but that he could not be located.

arrest, (2) a plausible claim of inability to recall or reconstruct the events of the day of the offense, and (3) a trial in which the case against appellant consists of the recollection of one witness refreshed by a notebook. We are not convinced that successful police operations against narcotics in this jurisdiction depend upon proceedings of such slender dimensions. The Government's case should, at the least, have more substance than the one before us if it is to override the appellant's interest in earlier notification. Without attempting to define the precise reach of the Fifth Amendment in this context, a due regard for our supervisory responsibility for criminal proceedings in this jurisdiction requires, in our view, the reversal of this conviction."

A series of cases from the same Circuit, coming hard on the heels of *Ross*, were distinguished on one or more of the criteria enumerated in the *Ross* opinion. (Where the delay was less than seven months) Worthy v. United States, 122 U.S.App.D.C. 242, 352 F.2d 718 (1965); Roy v. United States, 123 U.S.App.D.C. 32, 356 F.2d 785 (1965); Daniels v. United States, 123 U.S.App.D.C. 127, 357 F.2d 587 (1966); Morrison v. United States, 124 U.S.App.D.C. 330, 365 F.2d 521 (1966); Dancy v. United States, 129 U.S.App.D.C. 413, 395 F.2d 636 (1968); (where no prejudice to the defendant was shown to have resulted from the delay); Jackson v. United States, 122 U.S.App.D.C. 124, 351 F.2d 821 (1965); Powell v. United States, 122 U.S.App.D.C. 229, 352 F.2d 705 (1965); Dancy v. United States (supra); (where the single officer's testimony was corroborated by other testimony) Powell v. United States, supra; Worthy v. United States, supra; (where the single officer witness had an independent recollection of the details of the event) Bey v. United States, 121 U.S.App.D.C. 337, 350 F.2d 467 (1965).

Other circuits have likewise distinguished *Ross*, where there was corroboration of the officer, United States v. San-chez, 361 F.2d 824 (2nd Cir. 1966); and where no prejudice to the defense was shown, United States v. Deloney, 389 F. 2d 324 (7th Cir. 1968).

A panel of this Circuit has recently had cause to examine a defense predicated on *Ross*. Wilson v. United States, opinion dated March 13, 1969; 409 F.2d 184. The facts in *Wilson* are nearly four-square with those of the case at bar. Wilson was charged as a narcotics violator; there was a delay of seven months between the date of the offense and the arrest; and the defendant claimed inability, because of the delay, to recall where he was on the date of the alleged offense. Judge Hamlin, writing for the Court in *Wilson* distinguished *Ross* (1) in that the federal narcotics agent purchasing the narcotics from Wilson had independent recollection of the facts, though he had reviewed his notes prior to his testimony, and (2) that two other witnesses substantially corroborated the agent as to the identity of the appellant and details of the account of the alleged sale. *Wilson* then held that the pre-arrest delay did not violate appellant's right to due process and upheld the conviction.

It is evident that appellant's reliance on *Ross* is misplaced. Agent Coonce testified from his independent recollection as to the pertinent facts of the incident and he positively identified Whitted. Agent Westrate corroborated the identity and substantial portions of the testimony of the incident. There was a good cause for the delay, as the officers were attempting to get evidence against other violators of the narcotics laws.

We hold this case to be clearly distinguishable from the *Ross* case and to fall directly under the teaching of *Wilson*.

■ There was no abuse of due process. It was not error to refuse to dismiss the complaint or grant a judgment of acquittal because of the six months' delay between the date of the offense and the date of the arrest.

The other allegations of error are made which merit a short discussion.

Appellant claims prejudicial error based on a question asked by the trial judge during the examination of the chief government witness, Agent Coonce. No objection was made on behalf of the defendant and the issue was never presented below. However, we may take notice of an alleged plain error affecting appellant's substantial rights. Rule 52 (b), Federal Rules of Criminal Procedure. Accordingly, we have examined the record with care in order to view the event in the context in which it occurred. We are satisfied that the defendant was not prejudiced by the district judge's question. While the Court might have been better advised to allow the government counsel to proceed with the same question, it is obvious from the record that the answer in either event would have been identical.

It is contended that there was not sufficient evidence to support a judgment of conviction. The record clearly belies this claim.

We find no reversible error and affirm.