Isaac Bud **WILSON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 23047.

United States Court of Appeals Ninth Circuit.

March 13, 1969.

Certiorari Denied June 23, 1969. See 89 S.Ct. 2146.

John L. Hay (argued), of Sivula, Hay, Epstein, Mahoney & Young, Seattle, Wash., for appellant.

Michael J. Swofford (argued), Asst. U. S. Atty., Eugene G. Cushing, U. S. Atty., Seattle, Wash., for appellee.

Before HAMLIN, MERRILL and BROWNING, Circuit Judges.

HAMLIN, Circuit Judge:

Defendant Wilson was convicted in the District Court for the Western District of Washington of illegally selling heroin, in violation of 21 U.S.C. § 174 and 26 U.S.C. § 4704(a), after a trial to a jury. This court has jurisdiction over his appeal under 28 U.S.C. § 1291. We see no merit in any of the points raised by the defendant, and we therefore affirm his conviction.

On July 7, 1967, an agent of the Federal Bureau of Narcotics in Seattle, Aubrey Abbey, received a phone call from an informant, Julius Bishop. Bishop told Abbey that the defendant had heroin for sale and that he would sell it to Abbey, who was working in an undercover capacity. Abbey and Bishop

met with the defendant the night of July 7, and to gain the defendant's confidence Abbey falsely told him that they had met previously while both were serving time at McNeil Penitentiary. The sale was concluded, and a later government analysis showed that the substance which the defendant had sold to Abbey was heroin. The entire transaction was witnessed by two other police officers who corroborated Abbey's story at the trial.

The defendant was not taken into custody the night of July 7. Despite the fact that he was in Seattle the entire time with the knowledge of government officials, the defendant was not indicted by the Grand Jury until November 14, 1967; and he was not arrested until January 31, 1968, almost seven months after the sale of the heroin. The trial was originally set for March 5, 1968, but at the defendant's request it was continued until April 22 so that a court-appointed investigator could attempt to locate the informant, Bishop. Bishop was not found, and he did not testify at the trial. The trial resulted in the guilty verdict from which the defendant brings this appeal.

The appellant's primary contention is that the seven months delay between the date of the crime and the date of his arrest denied him due process of law.

Appellant relies heavily upon Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965), and contends that that case demands a reversal of the conviction herein. In Ross, also a narcotics case, there was a delay of seven months between the criminal act and the arrest, and the court in that case held that the delay prevented the defendant from receiving a fair trial. However, the circumstances in Ross were far different from those in the instant case. In Ross, the government's evidence against the defendant consisted solely of the testimony of one police officer. This officer testified that he had no personal recollection of the incident in question. He testified largely from a recollection refreshed just before trial by reference to entries in his notebook made by him at the time of his transaction with the defendant. It was further shown that after approximately seven months of undercover work he swore out complaints against 51 persons, including appellant from whom he asserted that he had purchased narcotics at one time or another during the preceding seven months. It was shown that he had made a total of 125 purchases and that during the last three months there were 66 transactions. The court in that case held that under the circumstances of that case due regard for their "supervisory responsibility for criminal proceedings" required the reversal of the conviction.

In Ross, the court quoted from Nickens v. United States, 116 U.S.App.D.C. 338, 323 F.2d 808, as follows:

"Although it has not been directly decided due process may be denied when a formal charge is delayed for an unreasonably oppressive and unjustifiable time after the offense to the prejudice of the accused."

Under the Ross rule the reasonableness of the police conduct in the particular case is to be weighed against the possible prejudice to the defendant. 349 F.2d 212–213. Here, appellant's arrest was postponed because at the time of the sale to Abbey, Abbey and Bishop were working on other narcotics cases. An earlier arrest would have revealed their identities and made them useless in the other cases. In addition, a person involved in one of the other cases had threatened to kill Abbey and Bishop if he found out they were working for the government. The appellant was arrested immediately after the other investigations were concluded and after the person who had made the threat was arrested. It thus appears that the delay of appellant's arrest was for a valid, reasonable police purpose.

On the other hand, appellant does not show that his defense was prejudiced by the delay. His defense was a general denial that he had ever seen Abbey, that he knew Bishop, or that he had sold nar-

cotics to anyone since his release from prison. He did testify that he could not remember where he was on July 7, 1967. However, in this case, the danger of misidentification was extremely remote.

Unlike the lone prosecution witness in *Ross*, whose undercover work had begun less than two weeks after he became a policeman, Abbey had been a state law enforcement officer for 13 years and a federal narcotics agent for more than 18 months before the alleged transaction with appellant. Again, unlike *Ross*, where the witness had no personal recollection of the transaction, Abbey testified that although he had reviewed his file on the case before trial, his testimony and recollection of events were independent of any notes or records he had made. Also, Abbey had ample opportunity to make a careful identification. The transaction required 10 to 15 minutes to consummate, and during much of this time the seller was sitting alone in the back seat of Bishop's car and Abbey in the front seat while the two discussed the terms of the sale. Moreover, Abbey testified that although he did not know appellant before the transaction, he had seen him before; appellant had been identified to Abbey, and Abbey knew who appellant was. Finally, unlike *Ross*, two other witnesses identified appellant as the man in the company of Abbey and the informant at the time of the alleged transaction, and substantially corroborated other portions of Abbey's account of the sale.

It should also be noted that although Bishop could not be located at the time of trial, appellant has not suggested that his testimony would have supported the defense that appellant was not the seller.

Under the circumstances of this case, therefore, we cannot say that the delay in appellant's arrest resulted in a denial of due process.

■ The defendant's remaining contentions may be quickly disposed of. He urges that the failure of the government to call the informant Bishop as a witness denied him a fair trial. However, the rule in this and other circuits is that the failure of the government to call an informant as a government witness does not necessarily violate a defendant's rights. Clingan v. United States, 400 F.2d 849 (5th Cir. 1968); Williams v. United States, 273 F.2d 781 (9th Cir. 1959); Eberhart v. United States, 262 F.2d 421 (9th Cir. 1958). In United States v. Cimino, 321 F.2d 509 (2d Cir. 1963), the court said that all the government need do is to identify its informant; it need not produce him as a witness at trial. Here, the government revealed the identity of its informant to the defendant; furthermore, the government consented to a continuance of the trial in order that the informant might be found. In United States v. Walton, 411 F.2d 283 (9th Cir. 1969), we recognized that the unavailability of the informant as a witness for the defendant may violate the Fifth Amendment if there is a reasonable possibility that "had [the informant] been available to testify, defendant would not have been convicted." However, for reasons already stated, there was no such reasonable possibility here.

■ Finally, the defendant argues that the trial court committed error by not giving the jury an instruction pertaining to the law of entrapment. However, at the trial the defendant denied that he had committed the offense with which he was charged. There was no evidence to justify the issue of entrapment. Under these circumstances appellant was not entitled to an instruction on that issue. Clingan v. United States, *supra*; Smith v. United States, 390 F.2d 401 (9th Cir. 1968); Rios-Ramirez v. United States, 386 F.2d 831 (9th Cir. 1967); Martinez v. United States, 373 F.2d 810 (10th Cir. 1967); Ortega v. United States, 348 F.2d 874 (9th Cir. 1965).

Judgment affirmed.