**Robert JONES, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 69 C 675.**

United States District Court
E. D. New York.

June 25, 1969.

Robert Jones, petitioner pro se.

Joseph P. Hoey, U. S. Atty., E.D.N.Y., Brooklyn, N. Y., for respondent United States.

MEMORANDUM AND ORDER

BRUCHHAUSEN, District Judge.

The petitioner moves for an order, vacating and setting aside the judgment of conviction, dated February 3, 1966, pursuant to 28 U.S.C. § 2255.

THE PROCEEDINGS, LEADING UP
TO THE JUDGMENT OF
CONVICTION

On February 4, 1965, an indictment was filed in this court, containing four counts.

On February 11, 1965, the petitioner, accompanied by his attorney, Mr. Solon B. Hanft, appeared in this court and entered a plea of not guilty to the charges, contained in the indictment.

On January 3, 1966, the petitioner withdrew his plea of not guilty and entered a plea of guilty to Count Four of the indictment. The case was thereupon

adjourned to February 3, 1966 for sentence.

On February 3, 1966, the petitioner and his said attorney again appeared in this court. The petitioner was sentenced to a term of twelve years as a second offender.

The said Count Four charges as follows:

"On or about the 26th day of January 1965, within the Eastern District of New York, the defendant ROBERT JONES, also known as 'Pee Wee' Jones, aided and abetted by the defendant EDWARD WILSON, also known as 'Sleepy', unlawfully purchased, dispensed and distributed approximately 9.05 grams of the narcotic drug heroin hydrochloride, which drug was not in or from the original package bearing tax stamps as required by law. (T. 26, U.S.C., § 4704 (a); T. 18, U.S.C., § 2)."

Title 26 U.S.C. § 4704(a) provides, as follows:

"It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found."

Title 18 U.S.C. § 2 provides that whoever aids and abets in the commission of a crime is punishable as a principal.

### THE PETITIONER'S CLAIMS FOR RELIEF

1. Denial of his constitutional rights;

2. Lack of due process;

3. Self incrimination and denial of a trial;

4. Violation of the 5th, 6th and 14th Amendments.

The authorities cited by the petitioner, in support of his claims, are not in point. None of them relate to 26 U.S.C. § 4704(a).

### 26 U.S.C. § 4704(a) HAS BEEN HELD TO BE CONSTITUTIONAL

In Moore v. United States, 8 Cir., 337 F.2d 350, certiorari denied, 379 U.S. 994, 85 S.Ct. 712, 13 L.Ed.2d 614 and in Roy v. United States, 123 U.S.App.D.C. 32, 356 F.2d 785, it was held that 26 U.S.C. § 4704(a) was constitutional.

 A plea of guilty constitutes a waiver of all defenses, known or unknown. See Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707, certiorari denied, 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82. This same ruling has been adhered to by the United States Court of Appeals for this Circuit in United States v. Gernie, 252 F.2d 664, certiorari denied, 356 U.S. 968, 78 S.Ct. 1006, 2 L.Ed.2d 1073 and in United States ex rel. Rogers v. Warden, 2 Cir., 381 F.2d 209.

Upon due deliberation, the motion is denied. It is so ordered.

Copies hereof are this day being forwarded to the United States Attorney and to the petitioner.