**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joseph STANLEY, Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Edward WARD, Defendant-Appellant.**

**Nos. 23665, 24375.**

United States Court of Appeals
Ninth Circuit.

Dec. 22, 1969.

---

Joe Ingber (argued), Los Angeles, Cal., for appellant, Stanley.

William C. Miller (argued), Los Angeles, Cal., for appellant, Ward.

John S. Lane (argued), Robert L. Brosio, Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and HUFSTEDLER, Circuit Judges, and PENCE,* District Judge.

## PER CURIAM.

These two appeals, involving one narcotic indictment and two convictions, were consolidated for hearing. They each raise the principal issue of whether a purposeful delay of approximately seven months by the prosecution between the date of the commission of the offense and the date of arrest of the defendants constitutes a denial of constitutional due process.

We have held consistently it does not, and particularly, that it cannot when the delay is justifiable; when the "in-court"

identification of the defendant is reliable, and when appellant demonstrates no prejudice by the delay.

Here the last two months of the delay occurred because (although a complaint was issued five months after the sale of narcotics charged) the defendants could not be located. We have held the precise length of a delay is not controlling, however, but rather the reasonableness of any reason for such delay, and the possible prejudice resulting to a defendant. Wilson v. United States, 409 F.2d 184 (9 Cir. 1969); Whitted v. United States, 411 F.2d 107 (9 Cir. 1969).

In *Wilson, supra,* under circumstances substantially similar to those appearing here, we distinguished Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965), and noted the discussion it spawned in that circuit, including Woody v. United States, 125 U.S.App.D.C. 192, 370 F.2d 214 (1966). We have distinguished *Ross,* as did the later District of Columbia circuit cases, and as have other circuits. United States v. Sanchez, 361 F.2d 824 (2d Cir. 1966); United States v. Deloney, 389 F.2d 324 (7th Cir. 1968).

We can find here no substantial prejudice to defendants; no question affecting "in-court" identification, but do find justifiable delay. We adhere to our earlier decision.

The constitutional issue raised by appellant Stanley is not controlled by Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) as suggested, but by Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925) where hard narcotics were involved. We so held in Jordan and Johnson v. United States, 416 F.2d 338 (9th Cir. 1969), and cases cited therein. Also see Clayton v. United States, 9 Cir., 413 F.2d 297, 298.

Affirmed.

---

* Hon. Martin Pence, Chief Judge, United States District Court for the District of Hawaii, sitting by designation.