**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**David Alexander BROOKS, Defendant-**
**Appellant.**

**No. 23296.**

United States Court of Appeals,
Ninth Circuit.

Feb. 2, 1970.

Morris Lavine (argued), Los Angeles, Cal., for appellant.

Edward J. Wallen (argued), Asst. U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before DUNIWAY and CARTER, Circuit Judges, and CROCKER *, District Judge.

DUNIWAY, Circuit Judge:

Brooks appeals from his conviction on two counts of an indictment charging violation of 21 U.S.C. § 174 by receiving, concealing, and facilitating the transportation of heroin and by selling and facilitating the sale of heroin to one Gordon, a federal agent. The trial was by the court sitting without a jury, and the sentences are concurrent. We affirm.

1. *Sufficiency of the evidence.*

Brooks asserts that the government did not prove that he passed or transferred any narcotics to anyone for the purposes of sale. The actual sale of 20.-680 grams of heroin to Gordon was made by a man called Lewis, whose real name was Woodson. Lewis testified that on October 2, 1967, he received a call from a man named Bruce, known as "Bubba" who asked Lewis if he could "score" for him. Lewis said that he would try, and on the evening of Octo-

---

* Honorable M. D. Crocker, United States District Judge, Eastern District of California, sitting by designation.

ber 2nd Bruce and a narcotics agent (Gordon) drove to Lewis' home. The agent gave Lewis $400 and then waited with Bruce in a car outside Lewis' home. Lewis then called Brooks, who arrived at Lewis' home forty-five minutes or an hour later, driving an orange Porsche. Lewis testified that Brooks came inside the home, and that he and Brooks then exchanged the $400 for a "package" or one ounce of heroin. Brooks and Lewis came out of the house together, Brooks drove away, and Lewis then went to the car where Bruce and the narcotics agent were waiting. He gave the heroin to Bruce, who gave it to Gordon. Brooks was arrested on February 8, 1968, about four months after the sale of heroin had taken place.

Agent Gordon testified, partially corroborating Lewis' account of the sale. He said that he was with Bruce when they went to the Lewis home, that Bruce talked with Lewis after they arrived, and that he gave Lewis the $400. Then, about an hour after their arrival, a 1967 Porsche drove up, and Brooks got out, walked to the Lewis house, and disappeared. A short time later Brooks and Lewis reappeared, Brooks got into the Porsche and drove away, and Lewis came over to their car to deliver the heroin package.

Another agent had been maintaining a surveillance of the Lewis residence, and his testimony was consistent with that of Lewis and the other agent. The informant, Bruce, did not testify.

No one except Lewis actually saw Brooks possessing or transferring any narcotics. The defense attempted to impeach Lewis' testimony by the testimony of one Evans, who stated that he had talked to Lewis over the telephone shortly before the trial and that Lewis had discussed the Brooks incident with him. Evans said that Lewis told him that he and Bruce were involved, that he had said that Brooks was involved, that he was not, and that Lewis would not testify against him. He said that Brooks had just been at the Lewis residence "to return his camera and get some money." Called in rebuttal, Lewis testified that he had talked to Evans but denied Evans' version of the testimony.

A complaint had been filed against Lewis for his possession of a substantial quantity of heroin, and a hearing on that complaint had been held before a United States Commissioner, but no indictment against Lewis had issued.

The trial judge exercised great care in making his findings and in weighing the testimony of the witnesses, particularly Lewis. At the conclusion of the trial, and after he had found Brooks guilty, he suggested that if counsel could produce additional evidence, he would consider vacating the judgment for the purpose of hearing the evidence. (Rule 33, F.R. Crim.P.) Counsel produced Evans, and the court set aside the judgment and heard Evans' testimony, as well as that of Lewis, Gordon, and agent McKenna. He then again found Brooks guilty. We have seldom read a record in which the judge took such pains to determine whether he should believe the pertinent testimony of the government's key witness.

■ The evidence was sufficient. As we indicated in Darden v. United States, 9 Cir., 1969, 405 F.2d 1054, 1056:

"[A] conviction in federal court may be based on the uncorroborated testimony of an accomplice, if the testimony is not 'incredible or unsubstantial on its face.' This is true even where the accomplice hopes to receive lenient treatment." (Citations omitted.)

2. *Denial of a speedy trial or of due process.*

■ Brooks also complains that the failure of the government agents to arrest him immediately after the transaction violated his Fifth Amendment due process guarantees because he was unable to prove that he did not have the $400 which the government agent gave to Lewis. This contention is closely associated with a claim that the four month delay between the date of the

transaction and the time of indictment/arrest violated his Sixth Amendment right to a speedy trial. So far as the record discloses, no such claim was ever presented to the trial judge. The point is without merit on this record. Benson v. United States, 1968, 402 F.2d 576, 579–581; Wilson v. United States, 9 Cir., 1969, 409 F.2d 184; Whitted v. United States, 9 Cir., 1969, 411 F.2d 107.

Affirmed.