UNITED STATES of America

v.

Judson BROADUS, Appellant.

No. 23538.

United States Court of Appeals,
District of Columbia Circuit.

June 7, 1971.

Petition for Rehearing Denied
Nov. 1, 1971.

Wilkey, Circuit Judge, dissented and filed opinion.

Messrs. Gary L. Cowan, Washington, D. C. (appointed by this court), and Mark L. Palmer, Silver Spring, Md., were on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Oscar Altshuler and Roger M. Adelman, Asst. U. S. Attys., were on the brief for appellee.

Before BAZELON, Chief Judge, and WRIGHT and WILKEY, Circuit Judges.

PER CURIAM:

In this 28 U.S.C. § 2255 (1964) proceeding based on Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), and United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969), the District Court denied relief.

In 1954 appellant pleaded guilty to a violation of what is now 26 U.S.C. § 4744 (a) (1) (1964), obtaining marihuana without having paid the transfer tax. At the sentencing the Government presented an information alleging that appellant had pleaded guilty to violations of the Marihuana Tax Act in 1950, and appellant was sentenced as a second offender. He served the sentence in full.

In 1963 appellant was found guilty by a jury of violating the Harrison Narcotics Act and the Jones-Miller Act (21 U.S.C. § 174 (1964); 26 U.S.C. §§ 4704 (a), 4705(a) (1964)). He was sentenced as a second offender on the basis of his 1954 conviction to a mandatory minimum of 10 years, 26 U.S.C. § 7237(b) (1964). The conviction was affirmed by this court, 121 U.S.App.D.C. 337, 350 F.2d 467 (1965). At the time of the hearing before this court, appellant was serving this sentence.

Appellant argues that *Leary* and *Covington* provide a complete defense to his 1954 conviction based on his plea of guilty to a Marihuana Tax Act violation, and that consequently he should not have been sentenced as a second offender at the time he was convicted of a Harrison Act violation in 1963. Cognizant of the Second Circuit's opinion in United States v. Liguori, 430 F.2d 842 (1970), we deferred consideration of this appeal pending action by the Supreme Court on the Government's application for *certiorari* in that case. The application for *certiorari* has now been denied. 402 U.S. 948, 91 S.Ct. 1614, 29 L.Ed.2d 118 (1971).

Since the facts and issues in this case are identical in all pertinent respects to the facts and issues in *Liguori,* and since we are persuaded by the reasoning of the Second Circuit's opinion in that case, we follow its result.

We are cognizant—as was the *Liguori* court—of language in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), quoted in Judge Wilkey's dissent, which indicates that rights unknown at the time of a guilty plea may nonetheless be waived by that plea. *See*

*also* McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970). But we decline to elevate that language, written in a context very different from the one before us now, to the status of a *per se* rule. The general principle, after all, has always been that a waiver, to be effective, must be an "intentional relinquishment or abandonment of a *known right.*" Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). (Emphasis added.) The *Brady* Court did not say. that a guilty plea necessarily waives *all* rights unknown at the time of the plea; rather, under the general circumstances of the case before it, the Court created an exception to the general principle of nonwaiver. The circumstances of our case are substantially and relevantly different.

Unlike the rights waived in *Brady, McMann* and *Parker,* the right at issue here relates to the basic validity of the criminal law which Broadus admitted violating. He pleaded guilty to a substantive offense under a statute subsequently held unconstitutional, subject to a complete defense under the privilege against self-incrimination. Thus, in essence, he pleaded guilty to nothing. The Government, therefore, does not have the usual interest in punishing a man who admits committing a crime, and the guilty plea should not be allowed to accomplish what the Government could not constitutionally accomplish through legislation. Moreover, since Broadus asserts a right which is a complete defense to prosecution, "we are not faced with an accused's decision to plead guilty based on difficult judgments as to the strength of the government's case and as to the possibility of leniency. * * * In this case [unlike *Brady, McCann* and *Parker,* the defendant] certainly would not have pleaded guilty had he known of his right to assert the privilege as a complete defense." United States v. Liguori, *supra,* 430 F.2d at 849. Thus the plea cannot be explained and preserved inviolate as a subtle tactical judgment of defense counsel.

Under the circumstances, the judgment of the District Court must be reversed and this case must be remanded to the District Court with instructions to vacate the 1954 conviction and resentence under the 1963 conviction, unless, of course, appellant has already completed serving that sentence.

Reversed and remanded.

WILKEY, Circuit Judge (dissenting):

I respectfully disagree with the conclusion of my colleagues. Here the court vacates a *1954* conviction for obtaining marijuana without having paid the transfer tax, a conviction based on appellant's plea of guilty, because of the subsequent decisions of the Supreme Court in Leary v. United States [1] and United States v. Covington.[2] The court does this on the authority of United States v. Liguori.[3]

Try as I may, I cannot reach any conclusion other than that the decision and language of the Supreme Court in Brady v. United States [4] is dispositive of Broadus' case here.

In *Brady* the Court reiterated the twofold test that "guilty pleas are valid if both 'voluntary' and 'intelligent,' " [5] and held that Brady's plea was both voluntary and intelligently made, even though nine years later the Court's decision in United States v. Jackson [6] rendered his lawyer's advice erroneous. In *Liguori*

1. 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).

2. 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969).

3. 430 F.2d 842 (2d Cir. 1970) cert. denied, 402 U.S. 948, 91 S.Ct. 1614, 29 L.Ed.2d 118 (1971).

4. 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), and companion cases, McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), and Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970).

5. *Id.,* 397 U.S. at 747, 90 S.Ct., at 1468.

6. 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968).

the Second Circuit found no claim of involuntariness by Liguori but apparently rested its decision on the premise that his plea was not intelligently made, saying:

> * * * [W]e consider here whether Liguori when he pleaded guilty intended to waive his defense under *Leary* even before that decision was rendered. We think that he did not.[7]

With all due deference to my two colleagues and the three judges of the Second Circuit, I deem this holding directly contrary to *Brady*. For in *Brady,* after citing the long-established two-point standard of voluntary and intelligent pleas of guilty, the Supreme Court said:

> The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. More particularly, absent misrepresentation or other impermissible conduct by state agents, cf. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948), *a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise. * * *

> The fact that Brady did not anticipate United States v. Jackson, *supra,* does not impugn the truth or reliability of his plea. * * * [8]

I submit that the fact that Broadus did not anticipate the 15-year-later decisions in *Leary* and *Covington* does not impugn the truth or reliability of Broadus' plea of guilty to the marijuana offense. I do not think that the issue here (or in *Liguori*) is "whether [Broadus] when he pleaded guilty intended to waive his defense under *Leary* even before that decision was rendered." I think the issue is, as the Supreme Court plainly said in *Brady*, whether Broadus' plea of guilty was intelligently made at the time (1954) when he made it. There is no evidence that it was not.

I would reach the same decision the Supreme Court did in *Brady*. I would affirm the District Court's denial of relief under 28 U.S.C. § 2255.

---

7. 430 F.2d, at 849.

8. 397 U.S., at 757, 90 S.Ct., at 1473 (emphasis supplied).